**FEE PAID**

**Related DDJ**

S/I

Gladys Copeland
2231 Alpha Street
San Diego, California 91950
Properdoccs@gmail.com
(619) 262-0440

Ann Lizana
2336 Pasadena Avenue
Long Beach, California 90806
Properdoccs@gmail.com
(562) 729-1659

Plaintiffs in Pro Se

FILED
CLERK, U.S. DISTRICT COURT

MAY -9 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___ rsm ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLADYS COPELAND, ANN LIZANA, JANE DOE** and **JOHN DOE**<br><br>Plaintiffs,<br><br>vs.<br><br>**MORGAN STANLEY CAPITAL TRUST,** WELLS FARGO BANK, N.A as Trustee on behalf of the **REGISTERED HOLDERS** of Morgan Stanley abs Capital Inc., TRUST 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6; **John Doe; Jane Doe**; and **Does 1-10,** inclusively.<br><br>Defendant(s) | Case No.:<br>**2:23-CV-03536-AB-JPR**<br><br>**CIVIL RIGHTS DECLARATORY AND INJUNCTIVE RELIEF COMPLAINT**<br><br>JURY TRIAL |

//

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS
OF RECORD HEREIN:

COMPLAINT

**COMES NOW PLAINTIFFS** GLADYS COPELAND ("Copeland"),

ANN LIZANA ("Lizana"), UWeStand9 Group ("UWeStand"), Jane Doe and

John Doe (collectively "Plaintiffs"), with this Complaint for Declaratory judgment

and Injunctive Relief, questioning   if the Defendants have the right to interact

or interfere with the Plaintiffs superior interest in respect to the real property,

located in Long Beach, California, without the existence of a contract of any

kind between the two parties, giving rise to the doctrine of Privity of Contract.

Plaintiffs are demanding damages arising from: *1) Violation of Constitutional*

*Rights,* *2) Irreparable Harm,* *3) Injunctive Relief,* *4) Violation of Civil Rights*

*42 U.S.C. §§1981, 1982, 1983, and 1988(a), regarding:* *5) Abuse of Process,*

*6) Discrimination, and 7) Civil Harassment* inflicted by the Defendants MORGAN

STANLEY CAPITAL TRUST, Wells Fargo Bank Trust, Wells Fargo Bank, N.A.

as Trustee REGISTERED HOLDERS of Morgan Stanley ABS Capital 1, Inc.,

Trust, Series 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-

WMC6, ("Registered Holders") and their alleged *Trustee* Wells Fargo Bank, N.A.,

as Trustee, (collectively "Defendants"), all relating to said real estate located at

2336-2338 Pasadena Avenue Long Beach, California 90806 ("Subject Property")

owned legally by Plaintiffs.

## <u>JURISDICTION AND VENUE</u>

1.      Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 in

that the claims alleged therein arise under the laws of the United States.

Furthermore, there is diversity jurisdiction pursuant to 28 U.S.C. §1332 because

there is complete diversity of citizenship between the parties.

2.      This court has supplemental jurisdiction pursuant to 28 U.S.C. Section

1367 to hear and determine Plaintiffs' state law claims because those claims are

related to Plaintiffs' federal claims and arise out of a common nucleus of related

facts and form part of the same case or controversy under Article III of the United

States Constitution.

3.      Plaintiffs also reserve their right to amend and to assert derivative claims

under California Civil Rights and Consumer Protection Statutes, as well as state

laws prohibiting Deceptive Trade Practices, among others.

## **THE PARTIES**

### **Plaintiffs**

4.      At all times hereto relevant, the Plaintiffs Gladys Copeland (Copeland),

Ann Lizana (Lizana), LA. Brena Miricle Island group (MIG), Holders of Miricle

Island Ministries (MIM), JB Lizana ("JB"), Jane Doe and John Doe, members,

LaJorne Lizana , Michelle Blackwell, UWeStand9 Group (collectively

"Plaintiffs"), all currently residing in California. We would like to call the present

owners, at a future date.

**Defendants**

5.     Plaintiffs are informed and do believe, and thereon alleges, that at all times hereto relevant Morgan Stanley Capital Trust. ("Trust"), doing business in Maryland the correct complete address is currently unknown to us at this time.

6.   Plaintiffs are informed and do believe, and thereon alleges, that at all times hereto relevant Wells Fargo Bank Trust. ("WFBT"), doing business in Maryland the correct complete address is currently unknown to us at this time.

7.   Plaintiffs are informed and do believe, and thereon alleges, that at all times hereto relevant Defendant Registered Holders of Morgan Stanley abs Capital 1, Inc., TRUST 2005-WMC6, Mortgage Pass-Through Certificate Series 2005-WMC6 ("RH"), is a company domiciled in Maryland.

8.     Plaintiffs are informed and do believe, and thereon alleges, that at all times hereto relevant Defendant's trustee Wells Fargo Bank, N.A, as Trustee, on behalf of the Registered Holders ("WFB-Trustee") through Wells Fargo and Company's Corporate Trust Services, doing business in Maryland the correct complete address is currently unknown to us at this time.

9.     Plaintiffs are informed and do believe, and thereon alleges, that at all times hereto relevant alleged representative for Defendants, Mike Potier ("MP") of individually and in his professional capacity as a representative for Defendants, we would like to summon Mike Potier of Boardwalk properties into this case at a

4

future date.

10.     Plaintiffs are unaware of the true names and capacities of individuals and/or entities sued herein under the fictitious names of John Doe, Jane Doe, and Does 1 through 10, inclusive or, to the extent that the names of such individuals or entities may be known to Plaintiffs, the Plaintiffs cannot state with certainty that a viable cause of action lies, herein as against such individuals or entities, or Plaintiffs is unable to allege the elements of such a cause of action, at this time, prior to discovery, with sufficient specificity to satisfy the requirements of Code of Civil Procedure §128.7, wherefore all said Defendants are herein named in accordance with the provisions of California Code of Civil Procedure § 474.

11.     The use of the term "Defendants" in any of the allegations in this Complaint, unless specifically otherwise set forth, is intended to include and charge both jointly and severally, not only named Defendants, but all Defendants designated as well (collectively "Defendants").

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     Among other things, Plaintiffs contend as follows:

> *(a)*     Defendants, have violated Plaintiffs civil right in regard to the subject Property; through race, age, religious discriminations.
> *(b)*     There is *no* contractual agreement of any kind exists between the Plaintiffs or any Defendants, nor has there ever been in regard to the subject Property;
> *(c)*     There are no enforceable or valid liens or other encumbrances on the Property;
> *(d)*     Defendants lack standing to evict Plaintiffs, any of them from the Property;

COMPLAINT

5

>   ***(e)***      Defendants have no right, title, or interest in the Property, whatsoever.

13.      Plaintiffs claim all rights at all times, and wave none of them at any time for any cause or reason. Plaintiffs hereby seek protection of *Anastasoff v. U.S.*, 223 F3d 898, especially where it speaks to the Doctrine of Precedent. Plaintiffs request that the court take judicial notice (Rule 201 of the Federal Rules of Evidence) of the enunciation of principles stated in *King v. Knoll* (No. 04-04149-JAR), *Whitney v. State of New Mexico* (113 F 3d. 1170), *Haines v. Kerner* (404 U.S. 519), and *Platsky v. Central Intelligence Agency,* 953 F2d 25; and Plaintiffs especially where they speak to the fact that Pro Se and in Propria Persona (Pro Per) litigants shall not be held to the same strict pleading standards as Bar-authorized attorneys, and that they have a right to submit evidence of their claims to the courts for adjudication, and that where the court dismiss said claims, the courts must provide curative instructions as to how to repair the paperwork and give leave or permission and adequate time to refile. Therefore, Plaintiffs hereby claim the substantial Due process right to have Findings of Fact and Conclusions of Law published with any order of this Court.

14.      Plaintiffs hereby claim the powers, protection and benefits of the Statute of Frauds Annotated, especially where it speaks to the fact that in order to have standing to sue on a debt or have a court consider the issue or for a court to have subject matter jurisdiction to provide relief or a remedy the Defendants or

moving party must prove the existence of a debt which may only be established by submission of the original contract, original Promissory note or agreement in open court, on the record, as evidenced through the testimony of a competent fact witness with personal firsthand knowledge, under oath, and be subject to the test and "fire" of cross examination.

15.     Plaintiffs have been discriminated against, terrorized in regard to the real property from having nearly a dozen frivolous unlawful detainer actions against them to threats of rightful owners of property being put out unlawful, to ideal threats and constant harassment and intimidation [called names], initiated and perpetrated by Defendants or on their behalf.

16.     Plaintiffs are informed and do believe and thereon alleges that, at all times mentioned herein, Defendants were agents, servants, employees, alter egos, superiors, successors in interest, joint ventures and/ or co-conspirators of each of their co-defendants and in doing the things hereinafter mentioned, or acting within the course and scope of their authority of such agents, servants, employees, alter egos, superiors, successors in interest, joint ventures and/ or co-conspirators with the permission and consent of their co-defendants and, consequently, each Defendant named herein, and those Defendants named herein as John and Jane DOES 1 through 10, inclusive, are jointly and severally liable to Plaintiffs for the damages and harm sustained because of their wrongful conduct.

COMPLAINT

17.     Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

18.     Defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs complained of herein. The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, inter alia, to financially benefit Defendants at the expense of Plaintiffs by engaging in fraudulent activities. Each Defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct complained of herein and was aware of its overall contribution to and furtherance thereof. Defendants' wrongful acts include, inter alia, all the acts that each of them is alleged to have committed in furtherance of wrongful conduct complained of herein.

19.     Any applicable statutes of limitations have been tolled by the Defendants continuing, knowing, and active concealment of the facts alleged herein. Despite

exercising reasonable diligence, Plaintiffs could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

20.     In the alternative, Defendants should be estopped from relying on any statutes of limitations.  Defendants have been under a continuing duty to disclose the true character, nature, and quality of their financial services and debt collection practices.  Defendants owed Plaintiffs an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty.

21.     Each of the Defendants named herein are believed to and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly severally liable for the claims set forth herein, except as otherwise alleged.

22.     Plaintiffs reserve the right to amend the instant Complaint to allege the true names and capacities of such fictitiously named Defendants when the same become known or when it has been ascertained with reasonable certainty that a cause of action hereunder can be satisfactorily sated and maintained as against each such fictitiously named individual or entity.

## **NATURE OF CAUSES/CLAIMS**

23.     On or about June 10, 2016, a Quiet title judgment order ("QTJ") was awarded to the former owner, Michelle Blackwell ("MB"); she prevailed in a quiet title case in the Superior Court against Plaintiff's predecessor. Defendants

here were party to said title case or are the successor of Defendants and did not,

because they could not, exert any rights to subject property located at 2336, 2338

Pasadena Ave., Long Beach, California 90806 ("Subject Property") during said

case.

**LOT 8 OF TRACT NO. 3463, 7208-017-009 IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 38 PAGE 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

24.     On or about June 16, 2016, the former owner signed dated and had

notarized a general warranty deed ("WD"), deeding the subject property to the

religious organization Miricle Island Ministries, known as MIM, which was duly

recorded with the County Recorder's Office of Los Angeles on June 16, 2016.

This action removed the former owner from the title of subject property

permanently. Once MIM took ownership of the subject property, it brought a

property coordinator and contract-to-deed holder on board, Ann Lizana

("Lizana"), to oversee the property.

25.     In June of 2018, some two years later, Defendants commenced with a

trustee sale on subject property, without judgment or rights to title.

26.     Defendants then moved the Superior Court of Los Angeles County

("Limited Court") with 5 (five) post foreclosure eviction complaints against the

former owner Blackwell, who they knew or should have known was not on title,

did not reside on the subject property and held no rights to said property. (*See* a copy of Title Report attached hereto as **Exhibit A**).

27.     On or about October 28, 2019, Plaintiff moved the Superior Court of California for the County of Los Angeles for the right to possession of subject property, under a Trustee's Deed Upon Sale, in a post foreclosure eviction action. (*See* a copy of Minute Order for case no. 19LBUD01412 attached hereto as **Exhibit B**). That Court ***denied*** Defendants the right to possession of property based on their Trustee Deed. They had five other cases moving through the court for the subject property with the same set of facts, which had already been adjudged in the case above.

28.     Defendants then replaced that case with yet another case: 19LBUD02648, making it 6 cases in six months. That case was heard and litigated concurrently with their other four cases: 19LBUD01642, 19LBUD01650, 19LBUD01651, and 19LBUD01674, all considered *related cases* (collectively "***UD Cases 1-6***"). Defendants were unable to meet their burden of proof in any of their instant eviction actions as they were asked to present a set aside of Blackwell's QTJ, as they completely lack rights to possession and standing to bring yet another round of cases (six newly filed cases) for unlawful detainer against the Plaintiffs here and others unknown.

29.     Plaintiffs prevailed with summary judgments on the above cases, more

//

specifically on cases 19LBUD01642, 19LBUD01651, and 19LBUD02648. (*See* copies of Minute Order attached as **Exhibit C**).

30.     From August 10, 2022 to August 17, 2022 Defendants filed 5 (five): 22LBUD01600, 22LBUD01631, 22LBUD01762, 22LBUD01781, 22LBUD0192 (collectively "***UD Cases 7-11***"), these new cases were filed and include no new notices to vacate just the old one to the former owner only. These cases are filed on the pretense that Defendants are still unlawfully detaining the property yet Defendants are not in that violation because Defendants have superior interest in the property per the QTJ.

31.     Now Defendants are attempting to relitigate a cause of action they could not prove against the former trustor, nor could they prove against any of the Plaintiffs. [*See* Ex. C]

32.     Defendants cannot dispute that they **1**) ***lack of*** rights to possession of subject property, and **2**) ***do not*** have a duly recorded Trustee's Deed Upon Sale ("Trustee Deed"). Despite pleading for a judgment for possession of subject property with a complete lack of standing to bring an unlawful detainer action against Plaintiffs, for Plaintiffs are not unlawfully detaining the property in any of their, now, 11 post foreclosure eviction actions.

33.     The limited court rendered Defendants nonjudicial foreclosure ***improper*** against the former trustor who did not hold title to subject property at the time of

12

the foreclosure and as such their Trustee Deed is void on its face and of no

recourse.

34.      Therefore, Defendants do not hold a duly recorded Trustee Deed in which

to litigate against Plaintiffs, any of them, for possession of subject property.

### Specific Details

35.      Plaintiffs believe everything has evolved around an "*improper*" foreclosure

which has brought about flagrant acts of discrimination, harassment, intimidation,

threats, and malicious prosecution by Defendants to cause continued irreparable

harm by violating Plaintiffs civil liberties and rights to quiet enjoyment as

prescribed by not only the Homeowners Bill of Rights but guaranteed by and

under the US Constitution and US Bill of Rights.

36.      Defendants continue to misrepresent their interest in the subject property.

*Misrepresentation* must be made with a knowledge of if falsity or a knowledge of

the effect of concealment of a material fact. (*See* Tenet Health system Desert, Inc.

v. Blue Cross of California, (2016) 245 Cal.App. 4th 821).  This element

distinguishes intentional deceit from the related tort of negligent misrepresentation.

(*See Jolley v. Chase Home Finance, LLC*. (2013) 213 Cal.   App. 4th 872).

Defendant has not because they cannot prove-up their rights to possession.

37.      Their foreclosure paperwork Defendants are basing their claim of rights on,

to include the duly perfected Trustee Deed received after a nonjudicial foreclosure

which was commenced on the former owner, years after she quieted the title and sold subject property to the MIM, the action was deemed improper by the Superior Court of Los Angeles, and as such Plaintiff was not awarded rights to possession of the property.

38.     In March of 2019, the barrage of trespassing, discrimination, harassment and idle threats began by the Boardwalk Defendants Mike Potier ("Potier"), and several others of those hired or commissioned by these Defendants. (*See* Ann Lizana's Declaration).

39.      The facts here are simple, undisputed, and, in large part, already law of the unlawful detainer cases. Defendants completely and legally lack the rights to possession of subject property and standing to litigate against any of those named in their series of eviction cases. The Civil Rights Act of 1964 states in relevant part: *This landmark federal law prohibits discrimination on the basis of race, color, religion, sex, or national origin in various aspects*.

40.     The first wave of harassment against Plaintiffs comes as follows:

### 28 U.S. Code § 1331: as for *Property rights of citizens*:

41.     All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

**28 U.S. Code § 1367: as for Supplemental jurisdiction:**

42.     (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III   of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## VIOLATIONS OF THE QUIET TITLE JUDGMENT
(As to all Defendants & Does 1-10)

43.     California Code of Civil Procedure, you can look specifically at Sections 760.010 to 760.090.  On June 10 2016, Blackwell obtained a default judgment in my favor in the state court proceeding of styled as: *Michelle Blackwell vs. WMC et al*, Case No. BC501357, in the California Superior Court. (*See* a copy of QT Judgment attached hereto as **Exhibit D**).

44.     The QTJ was entered after the Defendant failed to respond or appear in the state court action within the required timeframe. As a result, the court granted me a QTJ, confirming her ownership rights and resolving the disputed issues regarding the property at issue.

COMPLAINT

45.     The QTJ conclusively establishes my rightful ownership of the property, as well as the extinguishment of any competing claims or disputes raised by the defendant. It serves as a binding determination of the court, affirming my legal rights and interests.

46.     Importantly, the QTJ is directly relevant to the present federal case. It provides a foundation for my claims and supports the legal theories asserted herein. Specifically, it establishes Blackwell's right to rights to the title.

47.     Plaintiff's request this honorable District Court to recognize the validity and enforceability of the state court Quiet Title Judgment and grant the relief sought in this federal lawsuit based on the well-established legal principles and findings therein.

        **WHEREFORE**, Plaintiff respectfully requests that this honorable court grant the relief sought in this federal action, in accordance with the merits and findings of the state court default judgment.

## CLAIMS FOR RELIEF

### CLAIM/CAUSE I:
### VIOLATION OF CONSTITUTIONAL CIVIL RIGHTS
(Against All Defendants and DOES 1-10)

48.     Plaintiffs reallege and incorporate by reference all the above paragraphs of this Complaint.

49.     Plaintiffs declare under 28 U.S.C. §1343 of the Constitution of the United

State, statutes and constitutional provisions affording equal protection of the laws to all citizens and legal residents of the United States of America. Plaintiffs have endured from 2019 to the present, discrimination, unimaginable civil harassment, malicious prosecution, emotional distress, anguish and they still have to endure threats from Defendants due to misrepresentation of title to subject Property. Plaintiffs have a superior interest in the subject Property not Defendants. Plaintiffs are the people these rights and laws were created for and applies to.

## 28 USC §1343. Civil rights and elective franchise:

50.     *(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;*

## 28 U.S. Code § 1343. Property rights of citizens:

51.     *All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.*

52.     Plaintiff requests a determination of whether the named Defendants had

any right to foreclose on the subject property. Plaintiffs also request a

determination of whether the named Defendants have any legal standing or rights

to evict Plaintiffs or others similarly situated on the subject property. As a

proximate result of the acts alleged herein, Plaintiffs have and will continue to

suffer irreparable harm. Plaintiffs are entitled to damages in an amount to be

proven at trial.

### CLAIM/CAUSE II:

### IRREPARABLE HARM
(Against All Defendants and Does 1-10)

53.     Plaintiffs reallege and incorporate by reference all the above paragraphs of

this Complaint.

54.     Defendants engaged in, instigated, and directed a course of extreme and

outrageous conduct with the intention of causing, or reckless, malicious disregard

of the probability of causing, emotional distress to Plaintiff.

55.     Defendants tried to hijack (forced possession) of Plaintiffs property trying

to take away Plaintiffs, all of them, ability to enter the property by the means of the

gates.

56.     Defendants are potential threats to Plaintiffs and have caused them undue

and extreme emotional distress. As a proximate result of the acts alleged herein.

All Plaintiffs will suffer undue financial burdens by having to pay undue restitution

and legal fees unwarranted.

57.     Plaintiffs suffered severe or extreme and intentional emotional distress,

entitling them to damages in an amount to be proven at trial.

## CLAIM/CAUSE III:

### VIOLATIONS OF 42 U.S.C. §§1981, 1982, 1983, 1988(a) CONSTITUTIONAL CIVIL RIGHTS
(As to All Defendants and DOES 1-10)

58.     Plaintiffs reallege and incorporate by reference all the above paragraphs of

this Complaint.

59.     Plaintiffs declares under 42 U.S.C. §§1981, 1982, 1983, 1988(a) to the

Constitution of the United State, statutes and constitutional provisions affording

equal protection of the laws to all citizens and legal residents of the United States

of America. Plaintiffs have endured from 2019 to 2023 unimaginable civil

harassment, discrimination, emotional distress, anguish and still to this day

continues to have to endure threats from Defendants in regards to property due to

unlawful acts of deception, harassment, mail tampering and other claims.

Plaintiffs are indigent women of color and senior citizens, and are a class of

people these rights and laws were created for, and applies to, specifically.

60.     Plaintiffs request a determination of whether the named Defendants have

any legal standing or right to evict members on the subject property.  As a

proximate result of the acts alleged herein, Plaintiffs have and will continue to

suffer irreparable harm. Plaintiffs are entitled to damages in an amount to be

COMPLAINT

proven at trial.

### 42 U.S. Code § 1981. Equal rights under the law:

61.     (a)Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

62.     (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

### 42 U.S. Code § 1982. Property rights of citizens:

63.     All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

### 42 U.S. Code § 1983. Civil action for deprivation of rights:

64.     Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

COMPLAINT

20

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress, except that in

any action brought against a judicial officer for an act or omission taken in such

officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief was unavailable.

**42 U.S. Code § 1988. Proceedings in vindication of civil rights:**

65.      **(a)Applicability of statutory and common law.** The jurisdiction in civil

and criminal matters conferred on the district courts by the provisions of titles 13,

24, and 70 of the Revised Statutes for the protection of all persons in the United

States in their civil rights, and for their vindication, shall be exercised and

enforced in conformity with the laws of the United States, so far as such laws are

suitable to carry the same into effect; but in all cases where they are not adapted to

the object, or are deficient in the provisions necessary to furnish suitable remedies

and punish offenses against law, the common law, as modified and changed by

the constitution and statutes of the State wherein the court having jurisdiction of

such civil or criminal cause is held, so far as the same is not inconsistent with the

Constitution and laws of the United States, shall be extended to and govern the

said courts in the trial and disposition of the cause, and, if it is of a criminal

nature, in the infliction of punishment on the party found guilty.

COMPLAINT

66.     Plaintiffs request a determination of whether the Defendants, any of them, have any legal standing or rights to interfere with Plaintiffs quiet enjoyment by evicting them from the subject property, that they have rights to enjoy. As a proximate result of the acts alleged herein, Plaintiffs have and will continue to suffer irreparable harm. Plaintiffs are entitled to damages in an amount to be proven at trial.

## CLAIM/CAUSE IV:

### VIOLATION OF THE FREE EXERCISE CLAUSE 1ST AMENDMENT, VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AMENDMENT, VIOLATION OF THE LIBERTY CLAUSE OF THE 9TH AMENDMENT, VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT
(As to All Defendants and DOES 1-10)

67.     Plaintiffs reallege and incorporate by reference all the above paragraphs of this Complaint.

68.     Plaintiffs declare under the **First Amendment to the Constitution** of the United State, statutes and constitutional provisions affording equal protection of the laws to all citizens and legal residents of the United States of America. Plaintiffs have endured years of threats, discrimination, unimaginable civil harassment, emotional distress, anguish and still to this day continue to have to endure threats from Defendants in regard to property when MIM has the superior interest. Plaintiffs are some of the people these rights and laws were created for and it applies to.

70.     Plaintiffs request a determination of whether the named Defendants have any legal standing or right to evict from the subject property. As a proximate result of the acts alleged herein, Plaintiffs have and will continue to suffer irreparable harm. Plaintiffs are entitled to damages in amounts proven at trial.

### AMENDMENT I

71.     Plaintiffs declare under **The First Amendment** to the <u>United States Constitution</u> prevents the government from making laws which regulate an <u>establishment of religion</u>, prohibit the <u>free exercise of religion</u>, or abridge the <u>freedom of speech</u>, the <u>freedom of the press</u>, the <u>right to peaceably assemble</u>, or the right to <u>petition the government for redress of grievances</u>. Plaintiffs are some of the people these rights and laws were created for and it applies to.

### AMENDMENT V

72.     Plaintiffs declare under the **<u>Fifth Amendments to the Constitution</u>** of the United State, statutes and constitutional provisions affording equal protection of the laws to all citizens and legal residents of the United States of America. Plaintiffs are some of the people these rights and laws were created for and it applies to.

### AMENDMENT IX

73.     Plaintiffs declare under the **<u>Ninth Amendment to the Constitution</u>** of the United State, statutes and constitutional provisions affording equal protection of

the laws to all citizens and legal residents of the United States of America. Liberty and the pursuit of Happiness; Constitutional right to privacy, people of the United States have other rights besides those listed in the Constitution. The Ninth Amendment, when mentioned, usually plays a secondary role in supporting a new right. One of the few that depends on the Ninth Amendment is the constitutional right to privacy.

74.     Plaintiffs have endured years of threats, numerous state court actions for subject property, unimaginable civil harassment, emotional distress, anguish and still to this day continues to have to endure threats from Defendants in regards to property owned by the organization due to unlawful acts. Plaintiffs are some of the people these rights and laws were created for and it applies to.

### **AMENDMENT XIV**

75.     Plaintiffs declare under the **Fourteenth Amendments to the Constitution** of the United State, statutes and constitutional provisions affording equal protection of the laws to all citizens and legal residents of the United States of America. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any

person within its jurisdiction the equal protection of the laws.

76.     Plaintiffs have endured years of threats, numerous state court actions for said property, unimaginable civil harassment, emotional distress, anguish and still to this day continue to have to endure threats from Defendants in regard to property owned by the organization due to unlawful acts. Plaintiffs are some of the people these rights and laws were created for and applies to.

77.     Plaintiffs request a determination of whether the named Defendants has any legal standing or right to evict from the subject property.  As a proximate result of the acts alleged herein, Plaintiffs have and will continue to suffer irreparable harm. Plaintiffs are entitled to damages in amounts proven at trial.

## CLAIM/CAUSE V:

### NO VALID CONTRACT OR VALID TITLE EXISTED TO INITIATE UNLAWFUL DETAINER ACTION PER CALIFORNIA CIVIL CODE §2924

78.     Plaintiffs reallege and incorporate by reference all the above paragraphs of this Complaint.

79.     Defendants have already litigated against Plaintiff's in several of their post foreclosure eviction actions, for which they were denied rights to the subject property. [*See* Ex. B, C]. They are currently conducting five more malicious unlawful detainer eviction actions, in which they state:

*"Plaintiff owns said land by virtue of a foreclosure sale duly held pursuant to the power of sale under the Deed of Trust executed by Defendants or their predecessors. Defendants or their predecessors defaulted under the terms of the subject Deed of Trust and underlying note, which was secured by the Property. Therefore a Notice of Default and Breach of Conditions of the Deed of Trust and Election to Sell the Property, in an effort to satisfy the obligations thereby secured, was recorded in the Official Records of the County Recorder of Los Angeles County, California. After failure of Defendants or their predecessor to cure the default, a Trustee's Sale of the Property was duly noticed as required under California Civil Code §2924 et seq."*
(*See* Plaintiff's Eviction case at p. 3, ¶¶ 8-10).

80.     The doctrine of privity is covered by California Civil Code section 1710, which provides that "[*o*]*ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."* In addition, there are numerous California case law decisions that have applied the doctrine of privity in a variety of contexts, including contract law, real property law, and tort law.

81.     One notable case on the doctrine of privity in the context of real property law is Seely v. White Motor Co., 63 Cal. 2d 9 (1965). In that case, the California Supreme Court held that a manufacturer of a defective product could be held liable to a consumer who was injured by the product, even though the consumer had not purchased the product directly from the manufacturer. The court reasoned that the manufacturer had a duty to ensure that its products were safe and that this duty extended to all foreseeable users of the product, regardless of whether there was a

direct contractual relationship between the manufacturer and the user.

82.     "The principle of privity of contract, which is based on the doctrine that contracts are private agreements that create obligations only among the parties to the agreement, bars recovery by a third party that was not in privity with the contract. The privity doctrine has long been recognized in California as a general rule that applies to both contracts in general and construction contracts in particular." (See _S.M. Wilson & Co. v. Saif Corp_., 26 Cal. 4th 63 (2001)at 73)

83.     Certainly. Civil Code section 1550 defines a contract as "an agreement to do or not to do a certain thing." In the context of real estate transactions, contracts typically take the form of written documents such as purchase agreements, deeds, and leases. The concept of privity of contract is often relevant in real estate disputes because it determines who is bound by the terms of a contract and who has the right to enforce those terms.

84.     If a defendant was not in privity of contract with the former trustor, it means that they did not have a direct contractual relationship with the former trustor. This can be relevant in a post-foreclosure eviction case because the plaintiff, who is often the foreclosing party, may argue that the defendant is bound by the terms of the deed of trust or other contract between the foreclosing party and the former trustor. However, if the defendant was not in privity of contract with the former trustor, they may not be bound by the terms of that contract and may have a

defense to the plaintiff's eviction action.

85.    In other words, if there was no direct contractual relationship between the defendant and the former trustor, then the defendant may not be bound by any obligations in the contract between the foreclosing party and the former trustor. This is where Civil Code section 1550 can come into play in arguments regarding the defendant's lack of privity of contract.

86.    Here is the issue with Defendants claims, there was *NO* contract, loan, deed which has been duly recorded on the subject property or other contractual agreement (separately and collectively "encumbrance") which existed between the parties when Defendants commenced with their foreclosure in June of 2018. This fabrication truly shows Defendants have no defense to the eviction and Plaintiffs have and are continuing to be defrauded by Defendants. Therefore, Plaintiffs rights have been violated and Plaintiffs are being persecuted by fraud and abuse of process by Defendants, each of them.

88.    Defendants is committing fraud on the Courts as they are improperly representing or *misrepresenting* to the Court that they have a valid title by *virtue of a foreclosure sale*, when they cannot attest to or make a showing that an encumbrance existed at the time of the foreclosure. They are attempting to defraud the courts by claiming to have had a valid contract and title at the time of issuance of the Notice of Default.

89.     As a Notice of Default initiates the proceeding in a non-judicial

foreclosure, it is an important document, which is to be produced in the court when

moving for rights to property. Defendants here have and continue to ***intentionally***

misrepresent their interest and rights in the subject Property, as such they continue

committing fraud on the Plaintiff as well as on the Court.

**Misrepresentation**

90.     *Misrepresentation* must be made with a knowledge of if falsity or a

knowledge of the effect of concealment of a material fact. (*See Tenet*

*Healthsystem Desert, Inc. v. Blue Cross of California*, (2016) 245 Cal.App. 4th

821). This element distinguishes intentional deceit from the related tort of

negligent misrepresentation. (*See Jolley v. Chase Home Finance, LLC*. (2013) 213

Cal.App. 4th 872). Defendant has not because they cannot prove-up their rights to

possession. Their foreclosure paperwork Defendants are basing their claim of

rights on, to include the alleged duly recorded Trustee Deed received after the

nonjudicial foreclosure commenced on the former owner in June of 2018, which

was years after she quieted the title and legally sold subject property to the MIM,

was deemed *improper* by the limited Court. As such Defendants were not

awarded rights to possession of the property.

91.     In full knowledge of the facts as alleged above, Defendants continue to

parade into the courts attempting to evict Plaintiffs without title, rights or standing

to do so. They are making this representation with knowledge of its falsity or without sufficient knowledge of the subject to warrant a true representation.

92.     As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages and injunctive relief to punish Defendants from causing further harm to Plaintiffs and to deter them from engaging in future misconduct.

93.     Plaintiffs requests a determination of whether the named Defendants have any legal standing or rights to interfere with Plaintiffs quiet enjoyment by evicting them from the subject property.  As a proximate result of the acts alleged herein, Plaintiffs have and will continue to suffer irreparable harm. Plaintiffs are entitled to damages in an amount to be proven at trial.

## CLAIM/CAUSE  VI:

### WRONGFUL EVICTION, 1161, 1162, 2924, 2924i
(Against All Defendants and Does 1-10)

94.     Plaintiffs reallege and incorporate by reference all the above paragraphs of this Complaint.

95.     By doing the acts described above, Defendants are wrongfully evicting Plaintiffs from the premises.

96.     As a proximate result of such wrongful acts, Plaintiff will suffer monetary damages not less than $100,000., and will continue to suffer damage from litigation from innocent third party, etc.

97.     Defendants malicious intended to cause injury to Plaintiffs by the wrongful acts to violate, harass and intimidate them. Further, Defendant's actions are despicable, deplorable and carries on with a willful and conscious disregard of the rights of Plaintiff. Therefore, Defendants acted malicious with malice, entitling Plaintiff to recover punitive damages against Defendants in an amount proved at trial.

98.     Defendants, especially Potier in his capacity as the representative for the Registered Holder and their trustee Wells Fargo Bank, N.A., who is implementing the eviction process, all depend upon the California Courts' unconstitutional glosses and applications relying upon California Civil Code §2924 in addition to the statute's facial infringement upon the equal rights of all persons to make and enforce contracts, to sure and present evidence. 2924 cannot be used by Defendants to evict Plaintiffs in the judicial eviction for this law does not apply to defendants.

99.     As an example of the customary and practical application of 2924 in the Courts, Plaintiff cites California case of _Homestead Savings v. Darriniento_, 230 Cal.App.3d 424, 436, 437 (1991), which held that:

> _Where the evidence established that the trustee conveys title to a bona fide purchaser and the trustee's deed contains the language specified in §2924, the sale is not voidable._

100.    Defendants cannot utilize California Civil Code §2924 and it cannot be

applied to Plaintiffs Property for none of them had a contract or agreement of any

kind with the Plaintiffs.

102.    A contract, loan, deed which has been duly recorded on the subject

property or other contractual agreement (separately and collectively

"encumbrance") must exist between the parties. No encumbrance existed when

Defendants commenced with their foreclosure in June of 2018.

103.    The property was fraudulently foreclosed on. The application of §2924

violates, respectively the same, equal rights to make and enforce contracts and to

sue and give evidence for the security of persons and property secured by **42

U.S.C. §1981** and the equal rights of all persons to their property.

104.    Plaintiffs request a determination of whether the named Defendants have

any legal standing or rights to interfere with Plaintiffs quiet enjoyment by evicting

them from the subject property.  As a proximate result of the acts alleged herein,

Plaintiffs have and will continue to suffer irreparable harm. Plaintiffs are entitled

to damages in an amount to be proven at trial.


### CLAIM/CAUSE VII:

### APPLICATION FOR TEMPORARY RESTRAINING ORDER
(Against All Defendants and Does 1-10)
-

105.    Plaintiffs reallege and incorporate by reference all the above paragraphs of

this Complaint.

106.    Plaintiff requests this Honorable Court to restrain Defendants, their

officers, agents, representatives, servants, employees, assigns, and attorneys from

directly or indirectly taking, leasing, encumbering, selling, taking possession of,

altering,  or destroying the subject property, reporting the subject property for any

other sale, or otherwise disturbing or attempting to disturb Plaintiffs peaceable

possession  and enjoyment of the subject property during the pendency of this

cause, if not Plaintiffs will suffer immediate and irreparable injury, for which there

is no adequate remedy at law to give Plaintiffs complete and final relief.

More specifically, Plaintiffs will show unto this Court the following: (a) the harm

to Plaintiffs are imminent because Plaintiffs are at immediate risk of eviction and

the property will be either re-sold, altered, or permanent destruction whereupon

Plaintiffs would lose the ability to recover their property should they *not* prevail in

this action; (b) there is no adequate remedy at law that will give Plaintiffs complete

and final relief if the Temporary Restraining Order is not granted, and any transfer,

alteration, or destruction of the property is allowed to occur; (c) Plaintiffs have met

their burden by establishing each element that must be present before injunctive

relief can be granted by this Court, and Plaintiffs therefore are entitled to the

requested temporary restraining order.

107.    Plaintiffs are likely to succeed on the merits of this lawsuit. As a

COMPLAINT

proximate result of the acts alleged herein, Plaintiffs have and will continue to

suffer irreparable harm. Plaintiffs are entitled to damages in an amount to be

proven at trial.

### CLAIM/CAUSE VIII:

### CIVIL RIGHTS DECLARATORY JUDGMENT
### (42 U.S.C. §1983, 1988(a))
(As to All Defendants and DOES 1-10)

108.     Plaintiffs reallege and incorporate by reference all the above paragraphs of

this Complaint.

109.     Plaintiffs allege that it is the custom, common practice, and policy of

corporate Defendants like those in this case, and their trustees, and attorneys to

violate 42 U.S.C. §§1981-1982 by administering and imposing a judicial regime

wherein they are always, in all cases dispossessed by forcible detainers, often with

no rights or standing to sale or transfer of interest in real properties.

110.     The enforced consistent pro-mortgagee results can be demonstrated

statistically and by narrative evidence to show that there is no equality of access to

the courts, any of its decisions nor any equal right "to the full and equal benefit of

all laws and proceedings for the security of persons and property" all under color

of law in violation of the **First, Fifth, Ninth and Fourteenth** Amendments to the

Constitution.

**111.     Wherefore, Plaintiffs Pray** that this Court declare and adjudge that (1)

COMPLAINT

34

the quiet title judgment rendered to the former owner of subject property in the

Superior Court of California, on June 10, 2016, [*see* Ex. D], and the general

warranty deed given to  Plaintiffs "landlord," the religious organization Miricle

Island ("MI"), and recorded with the Los Angeles County Recorder's Office on

June 16, 2016, (*see* a copy of Warranty Deed attached hereto as **Exhibit E**); and

that all Defendants and their agents, representatives and employees be now and

forever enjoined and bound by said judgment, and that any claims of right be

considered null and void, as the  and all decisions reached final.

   **Wherefore, Plaintiffs pray** for her costs of suit incurred in obtaining

these declaratory judgments, and that a permanent injunction shall issue against

all the Defendants, their employees, assigns, officers, and successors in interest

never again to enforce unconstitutional violation of 42 U.S.C. §§1981, 1982.

112.   For purposes of this complaint, Plaintiffs contend that 42 U.S.C. §1981,

and 42 U.S.C. §1982 are the key federal civil rights statutes because they together

outline and guarantee general, federally secured and specified, equal civil rights in

ownership of property; Plaintiffs submit that these statutes, regardless of their

Reconstruction-era origins, under modem Supreme Court interpretations of civil

rights so that equal rights to sue, be parties, and give evidence concerning the

rights arising therefrom, including the right to own property and live in peace

within it or sell should they so desire, should both be applied and construed as

though they did not contain the nearly identical phrase, "*as is enjoyed by white citizens" and/or "as is enjoyed by the white citizens thereof.*" (citing needed).

113.    Plaintiffs submit and contend that the law must be applied in fact to guarantee civil rights in the making and enforcement of contracts and the ownership of property to all citizens, and not merely that non-white citizens may not be denied their civil rights "*anymore*" than such rights are denied to white citizens, which is a possible construction of civil rights jurisprudence prior to 1989.

114.    The civil rights of Trustors (such as MIM and subsequently to Plaintiffs) to sue, "*to make and enforce contracts, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property,*" 42 U.S.C. 1981, 1982, are being severely infringed under color of California law and in particular the judicial norms which apply to the conduct and resolution of Superior Court cases challenging the standing of certain servicers or entities claiming standing to be beneficiary rights on real-estate Notes obtained during or following bankruptcy, such that the very right "*inherit, purchase, lease, sell, hold, and convey real and personal property*" is being infringed or even curtailed.

115.    Although Plaintiffs are of racial elements to this epidemic of civil rights violations, and alleges that they are a part of the class which should be certified in

this case that will include tens if not hundreds of thousands of African Americans, Hispanic Surname Americans, Asian Americans, Native Americans and accordingly, and submits that the essence of 42 U.S.C. §§1981, 1982, can be best preserved and applied without the qualifying language "as is enjoyed by white citizens;" in essence, from now and into the future, the law of civil rights in the United States should be truly "color blind" and the enforcement and utilization of this country's magisterial laws relating to equality under the law should not be although the Courts seem often to use 103.

116.    Accordingly, this United States District Court should apply to 42 U.S.C. §§1981 and 1982 the principles articulated by the United States Supreme Court repeatedly over the past twenty years that all government racial classifications (including Federal classifications) must be analyzed by a reviewing court under strict scrutiny in the modern line of equal protection cases going back to the 1989 decision in cases such as, *Rich1nond v. Croson; Adarand Constructors, Inc. v. Pena,* 515 U.S. 200, 227,115 S.Ct. 2097,132 L.Ed.2d 158 *(1995); johnson v. California,* 336 F.3d 1117, 2003 Daily journal D.A.R. 8295, (9th Cir.,jul 28, 2003); *Grutter v.Bollinger,* 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304, 2003 Daily journal D.A.R. 6800, (U.S.,jun 23, *2003); Johnson v. California,* 543 U.S. 499, 125 S.Ct. 1141,160 L.Ed.2d 949,2005 Daily journal D.A.R. 2118, (U.S., Feb 23,2005); *City ofRich1nond v. I.A. Croson Co.,* 488 U.S. 469,109 S.Ct. 706, 102 L.Ed.2d 854, (U.S.Va.,jan 23, 1989).

## CLAIM/CAUSE IX:

## DECLARATORY AND INJUNCTIVE RELIEF
(As to all Defendants & Does 1-10)

117.    Plaintiffs reallege and incorporate by reference all the above paragraphs of this Complaint.

118.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their perspective rights and duties regarding their alleged lien. Plaintiffs contend that Defendants do not have a lien nor the authority to enforce any rights upon Plaintiffs and the subject property.

119.    Defendants dispute Plaintiffs contention and instead contend that they may properly assert rights over Plaintiffs, and Plaintiffs property even though their purported interest, and any supposed lien was quieted in State Court on February 2, 2016, and June 10, 2016, through a state court Order granting quiet title to former owner of subject property, Michelle Blackwell.

120.    Plaintiffs therefore request a judicial determination of the rights, obligations and interests of the parties with regard to the property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the property.

121.    Plaintiffs request a determination of whether the named Defendant have any rights or standing to evict them out of subject property owned by MIM,

who hold a superior interest through a duly recorded warranty deed (WD).

122.    Plaintiffs therefore seek a declaration that the title to the subject property is vested in MIM, alone, and that the Defendants herein, all of them, be declared to have no estate, right, title or interest in the subject property and that said Defendants, each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property due to title being quieted and a general warranty deed (WD) being given against such prior to Defendants foreclosing and subsequently moving to evict.

## CONCLUSION

Plaintiffs have alleged clearly and concisely, and with specificity the harm, discrimination, harassment and intimidation they have endured by the Defendants, all of them, towards the Plaintiffs by Defendants through their actions of attempting to evict Plaintiffs from subject property. When Plaintiffs have superior ownership/interest other than the Defendants.

**Plaintiffs Prayer**

**WHEREFORE, Plaintiffs pray this Honorable Court for relief, as follows:**

FOR AND UPON PLAINTIFFS' DECLARATORY AND EQUITABLE CLAIM FOR RELIEF.

Plaintiffs are entitled to declaratory relief by judicial finding, decree and

order as to each of the following:

a.      Defendants herein, and each of them, are without standing to pursue or take any benefit from any putative obligation of the former owner, arising by reason of a certain lien; and

b.      Defendants herein, and each of them, are without standing to enforce or take any benefit from that certain Trustee's Deed Upon Sell ("Trustee Deed"), dated June 29, 2018; and

c.      For a Declaration that MIM is the rightful holder of title with superior interest to Subject Property as the hold a duly recorded WD, and all Defendants, and Does 1-10 and each of them be declared to have no title, right, estate, or interest in the Subject Property.

d.      For a judgment forever enjoining said Defendants and Does 1-10, and each of them from claiming any title, right, estate, or interest in the Subject Property.

f.      For a judicial decree and finding that the Trustee's Deed Upon Sale is permanently *null* and *void*, as it was recorded without standing and rights to do such; and

g.      For a preliminary injunction, effective throughout the pendency of this action or until such time as the court may otherwise order, enjoining the Defendants, and each of them, and their respective agents, attorneys,

representatives, trustees, legatees, successors, assigns, employees, officers, directors, and affiliates, and each of them, from initiating, maintaining, concluding, or otherwise acting in furtherance of any publication, transaction, process, or proceeding of any kind or nature, for the purpose or with the intent of alienating, assigning, transferring, conveying, selling, purporting to sell, offering for sale, hypothecating, encumbering, or otherwise altering in any way title in and to the property, in whole or in part, or any interest therein or appertaining thereto, in which or in part; and

  h. For costs and expenses of suit; and proper in the premises; and

  i. Accordingly, an award of consequential damages to Plaintiffs for the malicious prosecution by Defendants, as proven at trial.

  j. For a judicial order and decree establishing and affirming Plaintiffs lawful right to reside on subject property; and

  k. For permanent injunction against all Defendants, their subsidiary, affiliates, successors, agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in the improper, unlawful, unfair, fraudulent, and/or deceptive conduct as described above and according to proof during the pendency of this action;

  l. For costs and expenses of suit; and

  m. For such further relief as the court may deem to comport with law and the

41

principles of equity, and to be just, reasonable, and proper in the premises, according to proof, and;

n.  For an order requiring all Defendants to make restitution all revenues lost by Plaintiffs due to their unlawful, unfair, fraudulent and/or deceptive acts or practices as more fully described above and according to proof;

For prejudgment interest as allowed by law;

o.      For statutory damages according to proof;

p.      For costs of suit herein incurred and;

q.      For a judicial decree and finding that all Defendants conduct was wanton, willful, malicious, oppressive and unconscionable; and

r.      For an award of exemplary damages in such sum as the court may deem sufficient to dissuade Defendants and others similarly situated from engaging in identical or similar conduct in the future; and,

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs pray for judgment against the Defendants and each of them, jointly and severally, as follows:

1.      For a declaration that Plaintiffs have the right to occupy the Subject Property and have their mail delivered to them without hindrances or harassment.

2.      For compensatory, special and general damages in an amount according to proof at trial, against all Defendants.

COMPLAINT

42

3.      For punitive damages in an amount to be determined by the Court against all Defendants for violations of our civil rights.

4.      For civil penalties pursuant to statute, restitution, injunctive relief and reasonable legal fees according to proof.

5.      For reasonable legal fees and costs.

6.      For reasonable costs of suit and such other and further relief as the Court deems proper.

7. That this Court will find her Complaint sufficient to allow discovery and then to proceed to final trial-by-jury for final resolution of all questions of fact at common law as guaranteed by the 7th Amendment, 28 U.S.C. §1861, and Rules 38-39 of the Federal Rules of Civil Procedure, and that the Court will thereupon render judgment for the Plaintiffs and against all defendants for the relief requested above, including but not limited to declaratory judgment regarding the rights and status of each party in relation to said property located at 2336 – 2338 1, 2 & 3 Pasadena Ave. Long Beach, California 90806, and the interests assigned to Plaintiffs as such.

Dated this 8th day of May 2023.                Respectfully submitted.


                                    /s/ Gladys Copeland                    ,
                                    Gladys Copeland, Plaintiff *in Pro Se*

                                    /s/ Ann Lizana                          
                                    Ann Lizana, Plaintiff *in Pro Se*

COMPLAINT

43

## **DECLARATION OF GLADYS COPELAND IN SUPPORT OF PLAINTIFF'S COMPLAINT FOR CIVIL RIGHTS**

I, Gladys Copeland declare as follows:

1.     I am a religious senior and a Plaintiff in this action and I know each of the following facts to be true of my own personal knowledge and if called as a witness. I could and would competently testify with respect hereto. This declaration is submitted with this Complaint for violations of my civil rights.

2.     On or about January of 2020, I was made aware that I had been named as a defendant in an unlawful detainer action for a residence I do not currently, nor have I ever resided in, a four unit multiPlex, located at 2336 – 2338 1, 2, & 3 Pasadena Ave. Long Beach, California 90806, subject property. I am being wrongfully evicted from property I never resided at.

3.     I have been a permanent resident of San Diego County for over 50 years.

4.     I live on a fixed income and can't pay legal fees or any other fees

5.     I do not personally own nor claim any rights to subject property. And as such I do not have any authority over such property. I am going to be irreparably harmed if I am evicted for the first time in my lifetime for something I am not guilty of.

I declare under penalty of perjury the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of May, 2023.

Respectfully.

 /s/ Gladys Copeland
Gladys Copeland

44

## <u>DECLARATION OF ANN LIZANA</u>

I Ann Lizana declare as follows:

1.     I am a religious Senior woman of color who is also a Plaintiff in this action and I know each of the following facts to be true of my own personal knowledge and if called as a witness, I could and would competently testify with respect hereto. This declaration is submitted with this Complaint for violations of my civil rights.

2.     As a matter of record, I presently reside on the property and have been there since MIm acquired it from the previous owner back in June of 2016.

3.     I am the caretaker of subject property, and make sure it is clean and protected from trespassers.

4.     I have in my possession a Contract to Deed. I am a person with the authority to make decisions in regards to subject property.

5.     The Defendants have harassed, intimidated and discriminated against me, claiming I am unlawfully detaining subject property, when all the time they knew MIM holds a superior interest in this property. They want me out so they can make a profit from our loss.

6.     Defendants continue to plaster subject property naming the former owner, then amending their complaints to name defendants who either do not live on the property, do not own or have authority to the property or are totally unknown to MIM and myself.

7.     As one of the people residing on subject property, I know who does and does not live on the property, and the people listed in the unlawful detainer cases DO NOT reside on the property. I have just recently found out that some of the names on the complaint are former officers of an affiliate entity in relation to MIM.

45

8.    Defendants have named several people in their series of unlawful detainers, however none of them reside or have ever resided on the property since I have been here, to include:

    a)  LORNE or JORNE LIZANA, an unknown person  who ***DOES NOT*** reside on subject property.

    b)  GLADYS COPELAND, ***DOES NOT*** reside on subject property and has never resided on subject property.

    c)  BL BLACKWELL, ***DOES NOT*** reside on subject property and has never resided on subject property.

9.    Despite the fact that none of the aforementioned people reside on subject property, now or ever, Defendants continue to proclaim these people  were <u>served</u> with a summons and complaint and a notice to vacate premises. This is an UNTRUE statement because none of these people live on subject property. And I have seen no such notices delivered to the property.

10.    Defendants have also named a JOHN DOE and JANE DOE, and again Defendants claimed they were all served with summons and complaint, which is an UNTRUE statement, as "DOES" or unnamed occupants cannot receive services via substitute service by the means of a <u>posting and mailing</u> service.

11.    When I attempted to enter the unlawful detainers as a "DOE," my filings were REJECTED by the court clerks of the Long Beach Court.

12.    I have since filed a prejudgment claim of rights in all of Defendants' cases, five in total for the previous 5 cases, so that Defendants do not move the Long Beach court for defaults against those named but do not live on subject property. I prevailed on those first cases with a summary judgment decision. And within days after their being denied a reconsideration and set aside they re-filed 5 new cases.

///

I declare under penalty of perjury the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of May, 2023         Respectfully submitted,

/s/ Ann Lizana

Ann Lizana, *in Pro Se*

## VERIFICATION

I, Gladys Copeland, and Ann Lizana, are Plaintiffs in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in California.

                         /s/ Gladys Copeland

                         /s/ Ann Lizana


## **TRIAL-BY-JURY**

Plaintiff's demand a trial-by-jury of all issues of fact so triable, and all mixed questions of law and fact which may be triable as a matter of controlling case law, and Plaintiffs demand an advisory jury on all other matters to the extent permitted by law, with appropriate instructions distinguishing the advisory from the deciding issues presented to the jury for resolution.

COMPLAINT

48

# **PROOF OF SERVICE**

I, the undersigned, declare:

On May 9, 2023, I caused to be served the following document(s): **CIVIL RIGHTS DECLARATORY** and **INJUNCTIVE RELIEF COMPLAINT** on the parties involved addressed as follows:

**Registered Holders** of Morgan Stanley abs Capital 1, Inc.,
TRUST 2005-WMC6, Mortgage Pass-Through Certificate
Series 2005-WMC6,
9062 Old Annapolis Rd.
Columbia, Maryland 20102

  X  BY CERTIFIED MAIL: I caused each envelope, with postage fully prepaid, to be placed in the United States mail at Los Angeles, California.

____ BY FACSIMILE/EMAIL: By use of facsimile machine telephone numbers listed above or via certified email, I served a copy of the within document on the above interested parties by facsimile. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 9, 2023, at Los Angeles, California.

_____
T.J. Lizana

COMPLAINT

49

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2023, the foregoing documents: CIVIL
RIGHTS DECLARATORY & INJUNCTIVE RELIEF COMPLAINT will be
filed with the Clerk of the Central District Court, using   the CM/ECF system will
then send a notification of such filing (NEF) to the Defendant(s). A copy of such
filings in an envelope for each defendant, with postage fully prepaid and placed in
the United States mail at Los Angeles, California.


 /s/ Gladys Copeland
Gladys Copeland, *Pro Se Plaintiff*

/s/ Ann Lizana
Ann Lizana, *Pro Se Plaintiff*

COMPLAINT

50

# EXHIBITS

EXHIBIT A ................................. Title Report

EXHIBIT B ................................  Minute Order 19lbud01412

EXHIBIT C ................................ Minute Order 19lbud01642-0248

EXHIBIT D .............................. Quiet Title Judgment

EXHIBIT E ................................ Warranty Deed

COMPLAINT

# Table of Contents

Table of Contents ............................................................................................... 2

Property Overview ............................................................................................. 3

Owners ................................................................................................................ 3

County Assessor Records .................................................................................. 3

Market Value ....................................................................................................... 3

Assessed Value .................................................................................................. 3

Property Taxes ................................................................................................... 3

Location of Property ........................................................................................... 4

Lot and Building Details ..................................................................................... 4

Deeds .................................................................................................................. 5

Possible Residents ............................................................................................ 12

Liens .................................................................................................................... 14

Registered Sex Offenders ................................................................................. 16

52

# 2336 Pasadena Ave

Long Beach CA 90806

## Property Overview

| | |
|---|---|
| **Market value** | |
| **Property taxes** | |
| **County** | LOS ANGELES |
| **Building square footage** | |
| **Lot size** | |
| **Number of Bedrooms** | 4 |
| **Number of Bathrooms** | 4 |

## Owners                                                        2 | Owners Found

**MORGAN STANLEY CAPITAL TRUST**

**WELLS FARGO BANK TRUST**

## County Assessor Records

**Owner Occupied**

**Ownership Vesting Type**

**Mailing Address for Taxes**

## Market Value

**Land Value**

**Improvements**

**Total Value**

## Assessed Value

| | |
|---|---|
| **Land Value** | |
| **Improvements** | $468,840 |
| **Total Value** | $780,960 |

## Property Taxes

Tax Amount

# Location of Property

| | |
|---|---|
| **State** | CA |
| **County** | LOS ANGELES |
| **Municipality** | N/A |
| **City** | Long Beach |
| **FIPS County Code** | 6037 |
| **APN** | 7208-017-009 |
| **Duplicate APN** | N/A |
| **Brief Description** | TRACT # 3463 LOT 8 |
| **Subdivision** | N/A |
| **Tract number** | N/A |
| **Block** | N/A |
| **Section** | N/A |
| **Lot** | 8 |
| **Unit** | N/A |
| **Latitude** | 33.799633 |
| **Longitude** | -118.18688 |

# Lot and Building Details

## Lot Details

| | |
|---|---|
| **Standardized Land Use Code** | N/A |
| **County Land Use Code** | QUADRUPLEX (4 UNITS, ANY COMBINATION) |
| **Zoning** | LBR1N |
| **Buildings** | N/A |
| **Lot Size** | sqft |
| **Lot Frontage** | N/A |
| **Lot Depth** | N/A |

## Building Details

Overall Attributes

| | |
|---|---|
| **Total Square Footage** | sqft |
| **Number of Stories** | N/A |
| **Number of Units** | 4 |

| | |
|---|---|
| **Year Built** | 1960 |
| **Style** | N/A |
| **Class** | N/A |
| **Construction Type** | N/A |
| **Codes** | N/A |

Interior Dimensions

| | |
|---|---|
| **Total Finished Areas** | N/A |
| **Additions** | N/A |
| **Attics** | N/A |
| **Garage** | N/A |
| **Basement** | N/A |

Room Counts

| | |
|---|---|
| **Total Room Count** | N/A |
| **Bedrooms** | 4 |
| **Bathrooms** | 4 |

# Deeds

8 | Deeds Found

## Ownership Change

### 2016-06-16 – From MICHELLE BLACKWELL to MIRICLE ISLAND

Primary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |

| | |
|---|---|
| **State** | CA |
| **Transfer Date** | 2016-06-16 |
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | Z - DOCUMENT STATES PRICE AS "0", "NONE", "NO CONSIDERATION" |
| **Deed Type** | C - PURCHASE MONEY |
| **Document Number** | N/A |
| **Document Type** | N/A |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2016-06-16 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

## New Loan Recorded

2015-07-02 – HSBC MORTGAGE SERVICES, INC. AS PRESENT to

Primary Lender Details

| | |
|---|---|
| **Lender** | HSBC MORTGAGE SERVICES, INC. AS PRESENT |
| **Loan Amount** | $101,000 |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |
| **State** | CA |
| **Transfer Date** | 2015-07-02 |
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | N/A |
| **Deed Type** | P - PAID-OFF |
| **Document Number** | N/A |

| | |
|---|---|
| **Document Type** | N/A |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2015-07-02 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

## New Loan Recorded

### 2012-04-04 – MERS, INC. AS NOMINEE FOR SECURED LNDING to

Primary Lender Details

| | |
|---|---|
| **Lender** | MERS, INC. AS NOMINEE FOR SECURED LNDING |
| **Loan Amount** | $101,000 |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |
| **State** | CA |
| **Transfer Date** | 2012-04-04 |
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | N/A |
| **Deed Type** | Z - ASSIGNMENT OF MORTGAGE RECORD |
| **Document Number** | N/A |
| **Document Type** | N/A |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2012-04-04 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

# New Loan Recorded

## 2010-10-04 – WELLS FARGO BANK, NATIONAL ASSOCIATION O to

Primary Lender Details

| | |
|---|---|
| **Lender** | WELLS FARGO BANK, NATIONAL ASSOCIATION O |
| **Loan Amount** | $585,000 |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |
| **State** | CA |
| **Transfer Date** | 2010-10-04 |
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | N/A |
| **Deed Type** | Z - ASSIGNMENT OF MORTGAGE RECORD |
| **Document Number** | N/A |
| **Document Type** | N/A |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2010-10-04 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

# New Loan Recorded

## 2006-07-11 – SECURED FUNDING CORP to

Primary Lender Details

| | |
|---|---|
| **Lender** | SECURED FUNDING CORP |
| **Loan Amount** | $101,000 |
| **Lender Type** | N/A |

| | |
|---|---|
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |
| **State** | CA |
| **Transfer Date** | 2006-07-11 |
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | N/A |
| **Deed Type** | Z - ASSIGNMENT OF MORTGAGE RECORD |
| **Document Number** | N/A |
| **Document Type** | N/A |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2006-07-11 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

## New Loan Recorded

2005-05-19 – CHASE HOME FINANCE LLC AS TRUSTEE to

Primary Lender Details

| | |
|---|---|
| **Lender** | CHASE HOME FINANCE LLC AS TRUSTEE |
| **Loan Amount** | $380,000 |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |

| | |
|---|---|
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |
| **State** | CA |
| **Transfer Date** | 2005-05-19 |
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | N/A |
| **Deed Type** | P - PAID-OFF |
| **Document Number** | N/A |
| **Document Type** | N/A |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2005-05-19 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

## New Loan Recorded

2005-04-13 – WMC MORTGAGE CORP to

Primary Lender Details

| | |
|---|---|
| **Lender** | WMC MORTGAGE CORP |
| **Loan Amount** | $585,000 |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |
| **State** | CA |
| **Transfer Date** | 2005-04-13 |

60
60

| | |
|---|---|
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | N/A |
| **Deed Type** | Z - ASSIGNMENT OF MORTGAGE RECORD |
| **Document Number** | N/A |
| **Document Type** | N/A |
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2005-04-13 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

## New Loan Recorded

2004-04-01 – ACCREDITED HOME LENDERS INC to

Primary Lender Details

| | |
|---|---|
| **Lender** | ACCREDITED HOME LENDERS INC |
| **Loan Amount** | $380,000 |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

Secondary Lender Details

| | |
|---|---|
| **Lender** | N/A |
| **Loan Amount** | N/A |
| **Lender Type** | N/A |
| **Loan Type** | N/A |
| **Line of Credit Loan** | N/A |

County Records

| | |
|---|---|
| **County** | LOS ANGELES |
| **State** | CA |
| **Transfer Date** | 2004-04-01 |
| **Transfer Value** | N/A |
| **Transfer Tax** | N/A |
| **Transfer Type** | N/A |
| **Deed Type** | P - PAID-OFF |
| **Document Number** | N/A |
| **Document Type** | N/A |

| | |
|---|---|
| **Book Number** | N/A |
| **Page Number** | N/A |
| **Recorded Date** | 2004-04-01 |
| **Recorded Type** | N/A |
| **Quitclaim Deed** | N/A |

# Possible Residents

**27** | Possible Residents Found

| # | Name | Age | Phone | Address |
|---|------|-----|-------|---------|
| 1 | ROBERT J LIZANA | 43 | 562-432-6977<br>562-424-8939 | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 10/1999, Last seen: 11/2009 |
| 2 | L LIZANA | 42 | 562-424-0340 | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 11/1995, Last seen: 03/2021<br><br>2336 Pasadena Ave # 3 Long Beach, CA 90806<br>First seen: 11/1995, Last seen: 03/2021 |
| 3 | WILLIAM J HILL | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 07/1990, Last seen: 08/2020 |
| 4 | WILLIAM J HILL | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 02/1996, Last seen: 01/1999 |
| 5 | ALLAHNA SHABAF | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 07/2016, Last seen: 11/2016 |
| 6 | MICHELLE S BLACKWEL | 49 | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 06/2000, Last seen: 10/2018<br><br>2336 Pasadena Ave # 2338 Long Beach, CA 90806<br>First seen: 06/2000, Last seen: 10/2018 |
| 7 | SHANARIE L BLACKWELL | 49 | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 09/2000, Last seen: 06/2010 |
| 8 | LIZABETH BRENA | N/A | | 2336 Pasadena Ave # 2338 Long Beach, CA 90806<br>First seen: 05/1998, Last seen: 05/2015 |
| 9 | BLAKE DEAL | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 02/2008, Last seen: 07/2008 |
| 10 | DIANE ADAMS | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 03/1999, Last seen: 01/2007 |

| 11 | EVELYN ADAMS | N/A | 510-430-8222 | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 06/1996, Last seen: 06/2007 |

| 12 | D MATTHEWS | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 10/1999, Last seen: 12/2005 |

| 13 | DANIEL L LMATTHEWS SR | 67 | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 02/1999, Last seen: 11/2000 |

| 14 | DANIELLE L MATTHEWS | 42 | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 03/1999, Last seen: 05/2001 |

| 15 | CASSANDRA WHITE | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 06/2002, Last seen: 07/2003 |

| 16 | CAROLYN WOOTEN | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 03/1998, Last seen: 04/2002 |

| 17 | CAREY A SMITH | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 07/2000, Last seen: 09/2001 |

| 18 | CAMI D LAINES | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 01/1999, Last seen: 01/1999 |

| 19 | DONALD M EVANS | N/A | | 2336 Pasadena Ave # 2338 Long Beach, CA 90806<br>First seen: 05/1998, Last seen: 01/1999 |

| 20 | BETTIE J LOVE | N/A | | 2336 Pasadena Ave # 2338 Long Beach, CA 90806<br>First seen: 05/1998, Last seen: 05/1998 |

| 21 | BURNITE LOVE | N/A | | 2336 Pasadena Ave # 2338 Long Beach, CA 90806<br>First seen: 05/1998, Last seen: 05/1998 |

| 22 | ALLEN L OWENS | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 07/1991, Last seen: 03/1995 |

| 23 | ALLAN L OWENS | 50 | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 03/1995, Last seen: 03/1995 |

| 24 | EDMONIA F FOETAYLOR | 59 | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 05/1990, Last seen: 12/1992 |

| 25 | BRIAN K LABOSTRIE | N/A | | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 08/1992, Last seen: 12/1992 |

| 26 | JEROME R LABOSTRIE | N/A | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 05/1977, Last seen: 04/1986 |
| 27 | ETHEL M LABOSTRIE | N/A | 2336 Pasadena Ave Long Beach, CA 90806<br>First seen: 02/1983, Last seen: 04/1986 |

# Liens

4 | Liens Found

## Lien filed in CA on 2012-03-28

Debtors

| # | Names | Addresses |
|---|-------|-----------|
| 1 | MICHELLE S BLACKWELL | 2336 Pasadena Ave Long Beach, CA 90806 |

Info on the lien

| | |
|---|---|
| **Filing date** | 2012-03-28 |
| **Amount** | $2,204 |
| **Case #** | N/A |
| **Status** | N/A |
| **Court** | CA |
| **TMSID** | HG201204689842204CALOSC1 |

Lien docket

| | |
|---|---|
| **Type** | FEDERAL TAX LIEN |
| **Filing date** | 2012-03-28 |
| **Release number** | 20120468984 |
| **Agency** | La County / Recorder Of Deeds |
| **County** | Los Angeles |
| **State** | CA |

## Lien filed in CA on 2010-04-19

Debtors

| # | Names | Addresses |
|---|-------|-----------|
| 1 | MICHELLE S BLACKWEL | 2336 Pasadena Ave Long Beach, CA 90806 |

Info on the lien

| | |
|---|---|
| **Filing date** | 2010-04-19 |
| **Amount** | $23,296 |

| | |
|---|---|
| **Case #** | N/A |
| **Status** | N/A |
| **Court** | CA |
| **TMSID** | HG2010052423223296CALOSC1 |

Lien docket

| | |
|---|---|
| **Type** | FEDERAL TAX LIEN |
| **Filing date** | 2010-04-19 |
| **Release number** | 20100524232 |
| **Agency** | La County / Recorder Of Deeds |
| **County** | Los Angeles |
| **State** | CA |

## Lien filed in CA on 2010-04-09

Debtors

| # | Names | Addresses |
|---|---|---|
| 1 | MICHELLE S BLACKWELL | 2336 Pasadena Ave Long Beach, CA 90806 |

Info on the lien

| | |
|---|---|
| **Filing date** | 2010-04-09 |
| **Amount** | $22,877 |
| **Case #** | N/A |
| **Status** | N/A |
| **Court** | CA |
| **TMSID** | HG2010048978322877CALOSC1 |

Lien docket

| | |
|---|---|
| **Type** | STATE TAX LIEN RELEASE |
| **Filing date** | 2010-04-09 |
| **Release number** | 20130477710 |
| **Agency** | La County / Recorder Of Deeds |
| **County** | Los Angeles |
| **State** | CA |

## Lien filed in CA on 1999-10-28

Debtors

| # | Names | Addresses |
|---|---|---|
| 1 | DIANE ADAMSMATTHEWS | 2336 Pasadena Ave Long Beach, CA 90806 |

2

D MATTHEWS                                    2336 Pasadena Ave Long Beach, CA 90806

Info on the lien

| | |
|---|---|
| **Filing date** | 1999-10-28 |
| **Amount** | N/A |
| **Case #** | N/A |
| **Status** | N/A |
| **Court** | CA |
| **TMSID** | HG99U04295CALOSME |

Lien docket

| | |
|---|---|
| **Type** | FORCIBLE ENTRY/DETAINER |
| **Filing date** | 1999-10-28 |
| **Release number** | 99U04295 |
| **Agency** | Long Beach Municipal La County |
| **County** | Los Angeles |
| **State** | CA |

# Registered Sex Offenders

**99** | Registered Sex Offenders Found

**Please log into your NeighborWho account to view registered sex offenders for this report.**

Disclaimer: NeighborWho's mission is to help people find in-depth information about properties and property owners, but NeighborWho does not provide private investigator services or consumer reports, and is not a consumer reporting agency per the Fair Credit Reporting Act. You may not use our site or service or the information provided to make decisions about employment, admission, consumer credit, insurance, tenant screening or any other purpose that would require FCRA compliance. For more information governing permitted and prohibited uses, please review our "Do's & Don'ts" and our Terms & Conditions.

Copyright © 2021 NeighborWho LLC. All Rights Reserved.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/28/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ K. Onorato _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Wells Fargo Bank, N.A.; As Trustee, on Behalf of the Registered<br>Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6,<br>Mortgage Pass-Through Certificates, Series 2005-WMC6 | |
| DEFENDANT/RESPONDENT:<br>Michelle Blackwell | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19LBUD01412 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Non-Jury Trial; Hearing on Ex Parte Application Continuance t...) of 10/28/2019 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Michelle Blackwell
2005 Palo Verde Ave. #152
Long Beach, CA 90815

Nabeel M. Zuberi
McCalla Raymer Leibert Pierce, LLP
301 E Ocean Blvd, Ste 1720
Long Beach, CA 90802

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 10/28/2019

By: _K. Onorato_____
        Deputy Clerk

**CERTIFICATE OF MAILING**

67

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S13

19LBUD01412                                                          October 28, 2019
**WELLS FARGO BANK, N.A.; AS TRUSTEE, ON BEHALF**              8:30 AM
**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6 vs**
**MICHELLE BLACKWELL**

Judge: Honorable Douglas W. Stern               CSR: Electronically Recorded FTR
Judicial Assistant: K. Onorato                  ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuberi by Donna Seyedi

For Defendant(s): Michelle Blackwell

**NATURE OF PROCEEDINGS:** Non-Jury Trial; Hearing on Ex Parte Application Continuance trial or in the alternative request for temporary stay

The Defendant's Motion re: and Motion To Continue Trial; Points And Authorities; Declaration of Michelle Blackwell filed by Michelle Blackwell on 10/21/2019 is Denied.

Matter is called for trial. Both parties are sworn to testify. Mike Potier and Dean Carroll are sworn to testify before the Court.

All exhibits will be returned to counsel after the trial is completed, for safekeeping until the time for appeal has expired.

Court orders judgment entered for Defendant Michelle Blackwell against Plaintiff Wells Fargo Bank, N.A.; As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint filed by Wells Fargo Bank, N.A.; As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on 06/20/2019 for a total of $0.00.

Other: EXPLANATION: Plaintiff failed to prove the Defendant Blackwell is in possession or claims any right to possess the real property. She admitted that she is not in possession and claims no right to possession. She claimed that in June 2016 she transferred all her rights by deed to a third party. Since there is no possession, no claim of possession and no evidence that any party in possession claims through Blackwell's right of possession, there is no basis for a judgment against Blackwell for possession. No other issues are decided by the Court in this



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01412**                                                    October 28, 2019
**WELLS FARGO BANK, N.A.; AS TRUSTEE, ON BEHALF**                        8:30 AM
**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6 vs**
**MICHELLE BLACKWELL**

Judge: Honorable Douglas W. Stern            CSR: Electronically Recorded FTR
Judicial Assistant: K. Onorato               ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

action.

The following event is advanced to this date and vacated:
11/04/2019 8:30 AM Hearing on Motion - Other and Motion To Continue Trial; Points And
Authorities; Declaration of Michelle Blackwell in Department S13

Certificate of Mailing is attached.

69

EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Governor George Deukmejian Courthouse 275 Magnolia Ave, Long Beach, CA 90802 | **FILED** Superior Court of California County of Los Angeles 08/10/2022 Sherri R. Carter, Executive Officer / Clerk of Court By: K. Onorato Deputy |
| PLAINTIFF/PETITIONER: Well Fargo Bank, N.A., As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 | |
| DEFENDANT/RESPONDENT: Michelle Blackwell et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 19LBUD01651 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Non-Jury Trial) of 08/10/2022 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Ann Lizana
2336 pasadena ave
long beach, CA 90806

Nabeel M. Zuberi
McCalla Raymer Leibert Pierce, LLP
301 E Ocean Blvd, Ste 1720
Long Beach, CA 90802

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/10/2022

By: K. Onorato
Deputy Clerk

CERTIFICATE OF MAILING

70)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01651**                                                   August 10, 2022
**WELL FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF**                     8:30 AM
**THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6,  vs MICHELLE**
**BLACKWELL**


Commissioner: Honorable Gregory S. Lesser       CSR: Electronically Recorded FTR
Judicial Assistant: K. Onorato                  ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuberi by Mark Domeyer for

For Defendant(s): Ann Lizana (Telephonic)


**NATURE OF PROCEEDINGS:** Non-Jury Trial

It is hereby stipulated by Plaintiff's COunsel and Defendant that this matter may be heard by
Commissioner Gregory S. Lesser for all further proceedings.

The stipulation is signed and filed this date.

Matter is called for hearing on Defendant's Motion for Summary Judgment.

Parties are sworn and testify.

Matter is heard with case 19LBUD02648 and case 19LBUD01642.

The Court having fully considered the arguments of all parties, both written and oral, as well as
the evidence presented, now rules as follows: Motion for Summary Judgment is GRANTED.

Court orders judgment entered for Defendant Ann Lizana against Plaintiff Well Fargo Bank,
N.A., As Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc.
Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint
filed by Well Fargo Bank, N.A., As Trustee, on Behalf of the Registered Holders of Morgan
Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series
2005-WMC6 on 07/19/2019 for a total of \$0.00.


The Court orders the Complaint filed by Well Fargo Bank, N.A., As Trustee, on Behalf of the

Minute Order                                             Page 1 of 2

71

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01651**                                                   August 10, 2022
**WELL FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF**                    8:30 AM
**THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6,  vs MICHELLE**
**BLACKWELL**


Commissioner: Honorable Gregory S. Lesser        CSR: Electronically Recorded FTR
Judicial Assistant: K. Onorato                   ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

---

Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on 07/19/2019 dismissed without prejudice.

Clerk gives notice to parties.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/10/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:          K. Onorato          Deputy |
| PLAINTIFF/PETITIONER:<br>Wells Fargo Bank, N.A., As Trustee, On Behalf Of The Registered Holders Of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 | |
| DEFENDANT/RESPONDENT:<br>B L Blackwell et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19LBUD02648 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Non-Jury Trial) of 08/10/2022 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Ann Lizana
2336 Pasadena Ave.
Long Beach, CA  90806

Nabeel M. Zuberi
McCalla Raymer Leibert Pierce, LLP
301 E Ocean Blvd, Ste 1720
Long Beach, CA  90802

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/10/2022

By:  K. Onorato
         Deputy Clerk

CERTIFICATE OF MAILING

73

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD02648**
**WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF**
**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, vs B L**
**BLACKWELL, et al.**

August 10, 2022
8:30 AM

Commissioner: Honorable Gregory S. Lesser
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

Through Certificates, Series 2005-WMC6 on 11/05/2019 dismissed without prejudice.

Clerk gives notice to parties.

Certificate of Mailing is attached.

Minute Order                    Page 2 of 2

74

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD02648**
**WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC6, vs B L BLACKWELL, et al.**

August 10, 2022
8:30 AM

Commissioner: Honorable Gregory S. Lesser
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuberi by Mark Domeyer for

For Defendant(s): Ann Lizana (Telephonic)

**NATURE OF PROCEEDINGS:** Non-Jury Trial

It is hereby stipulated by Plaintiff's Counsel and Defendant that this matter may be heard by Commissioner Gregory S. Lesser for all further proceedings.

The stipulation is signed and filed this date.
Matter is called for hearing on Defendant's Motion for Summary Judgment.
.
Parties are sworn and testify.
.
Matter is heard with case 19LBUD01651 and case 19LBUD01642.

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows: Motion for Summary judgment is GRANTED.

Court orders judgment entered for Defendant Ann Lizana against Plaintiff Wells Fargo Bank, N.A., As Trustee, On Behalf Of The Registered Holders Of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint filed by Wells Fargo Bank, N.A., As Trustee, On Behalf Of The Registered Holders Of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on 11/05/2019 for a total of $0.00.

The Court orders the Complaint filed by Wells Fargo Bank, N.A., As Trustee, On Behalf Of The Registered Holders Of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/10/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By          K. Onorato          Deputy |
| PLAINTIFF/PETITIONER:<br>Wells Fargo Bank, N.A., as Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 | |
| DEFENDANT/RESPONDENT:<br>Michelle Blackwell et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19LBUD01642 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Non-Jury Trial) of 08/10/2022 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Ann Lizana
2336 Pasadena Ave.
Long Beach, CA  90806

Nabeel M. Zuberi
McCalla Raymer Leibert Pierce, LLP
301 E Ocean Blvd
Long Beach, CA  90802


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/10/2022

By:  K. Onorato
       Deputy Clerk


CERTIFICATE OF MAILING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Civil Division

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01642**

August 10, 2022

**WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF**

8:30 AM

**OF THE REGISTERED HOLDERS OF MORGAN STANLEY**
**ABS CAPITAL I INC. TRUST 2005-WMC6, vs MICHELLE**
**BLACKWELL**

Commissioner: Honorable Gregory S. Lesser          CSR: Electronically Recorded FTR
Judicial Assistant: K. Onorato                              ERM: None
Courtroom Assistant: None                                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nabeel M. Zuberi by Mark Domeyer for

For Defendant(s): Ann Lizana (Telephonic)

**NATURE OF PROCEEDINGS:** Non-Jury Trial

It is hereby stipulated by Plaintiff's Counsel and Defendant that this matter may be heard by
Commissioner Gregory S. Lesser for all further proceedings.

The stipulation is signed and filed this date.

Matter is called for hearing on Defendant's Motion for Summary Judgment.

Parties are sworn and testify.

Matter is heard with case 19LBUD01651 and case 19LBUD02648.

On the Court's own motion, the Hearing on Motion for Summary Judgment scheduled for
08/22/2022 is advanced to this date and heard .

The Defendant's Motion for Summary Judgment filed by Ann Lizana on 07/27/2022 is Granted.

Court orders judgment entered for Defendant Ann Lizana against Plaintiff Wells Fargo Bank,
N.A., as Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc.
Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on the Complaint
filed by Wells Fargo Bank, N.A., as Trustee, on Behalf of the Registered Holders of Morgan
Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series
2005-WMC6 on 07/19/2019 for a total of $0.00.

The following event is advanced to this date and vacated:

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

South District, Governor George Deukmejian Courthouse, Department S13

**19LBUD01642**

**WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-WMC6, vs MICHELLE BLACKWELL**

August 10, 2022
8:30 AM

Commissioner: Honorable Gregory S. Lesser
Judicial Assistant: K. Onorato
Courtroom Assistant: None

CSR: Electronically Recorded FTR
ERM: None
Deputy Sheriff: None

08/22/2022 1:30 PM Hearing on Motion for Summary Judgment in Department S13

The Court orders the Complaint filed by Wells Fargo Bank, N.A., as Trustee, on Behalf of the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 on 07/19/2019 dismissed without prejudice.

The following event(s) is/are advanced to this date and vacated:
08/22/2022 1:30 PM Hearing on Motion for Summary Judgment in Department S13

On the Court's own motion, the Non-Jury Trial scheduled for 08/10/2022 is vacated .

Clerk gives notice to parties.

Certificate of Mailing is attached.

Minute Order                                                           Page 2 of 2

Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

CASE NUMBER: 22LBUD01762
Date Filed: 08/11/2022

## NOTICE OF UNLAWFUL DETAINER
## (EVICTION)

**FILED**
Superior Court of California
County of Los Angeles

08/12/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____N. Bullock_____ Deputy

Ann Lizana
2336 Pasadena Ave., Unit 4

Long Beach, CA 90806

WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MC

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

NOTICE FROM THE STATE OF CALIFORNIA: If you completed an application for government rental assistance on or before March 31, 2022, you may have protections against eviction. For information about legal resources that may be available to you, visit lawhelpca.org.

The following organizations, among others, may be contacted for legal advice:

- StayHousedLA.org                      (888) 694-0040
- Community Legal Aid SoCal            (800) 834-5001
- Shriver Self Help Center             (818) 485-0576
  (Located at Stanley Mosk Courthouse)

- Bet Tzedek Legal Services (L.A. County)    (323) 939-0506
- Legal Aid Foundation of Los Angeles        (800) 399-4529
- Neighborhood Legal Services of Los Angeles (800) 433-6251
- Los Angeles County Bar Association-Smart Law (213) 243-1525

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529.



Persons with disabilities may ask for an accommodation by filling out a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council form MC-410). Forms are available in the clerk's office, on the court's website, or they will be mailed if requested. Deliver the completed form to the clerk or ADA Coordinator at the courthouse where your case is being handled. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org.

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse. If you need an interpreter in another language for a courtroom activity, please request one before your court date through the Interpreter Request Portal found on the court's website by clicking the Self-Help Resources tab located on the home page at www.lacourt.org. The court will try very hard to find an interpreter for the date and time of your hearing, but it cannot guarantee that one will be immediately available.

Within the first 60 days after the date of filing, only the following people can look at the case file:

1) Any person or company listed on the lawsuit;
2) An attorney for one of those people or companies;
3) Any other person who can give to the clerk: (a) The name of at least one plaintiff and one defendant in the lawsuit and the address, including any applicable apartment, unit, or space number of that address, (b) The name of one of the people or companies in the lawsuit or the case number. This person will also have to prove that she or he lives at that address by showing valid identification.

People who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except with an ex parte order upon a showing of good cause.

Este documento contiene información importante. Para leerlo en español, consulte la sección División Civil (Civil Division) del sitio web de la corte superior de Los Ángeles.
Văn kiện này có tin tức quan trọng. Muốn đọc bằng tiếng Việt, hãy đến phần Ban Hộ Sự (Dân Sự) (Civil Division) trên website của Tòa Thượng Thẩm Los Angeles
本文件包含重要信息。欲阅读簡体中文版，请訪問洛杉磯高等法院民區範圍（Civil Division）
Այս փաստաթուղթը կարևոր տեղեկատվություն է պարունակում: Այս հայերեն կարդալու համար խնդրում ենք այցելել Լոս Անջելեսի Առաջին ատյանի դատարանի կայքի Քաղաքացիական բաժանմունքի (Civil Division) բաժինը
이 문서에는 중요한 정보가 들어 있습니다. 이 문서를 한국어로 읽으시려면 로스앤젤레스 상급법원 웹사이트 민사부(Civil Division) 섹션을 방문하십시오.

## CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Long Beach**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: __08/15/2022__

By: __N. Bullock__
Deputy Clerk

LASC CIV 002 Rev. 04/22
For Mandatory Use

**NOTICE OF UNLAWFUL DETAINER (EVICTION)**

Code Civ. Proc.
§§ 1161.2, 1161.2(c)

Governor George Deukmejian Courthouse
275 Magnolia Ave. Long Beach, CA 90802

CASE NUMBER: **22LBUD01762**
Date Filed: **08/11/2022**

# NOTICE OF UNLAWFUL DETAINER
# (EVICTION)

**FILED**
Superior Court of California
County of Los Angeles
**08/12/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ N. Bullock _____ Deputy

Michelle Blackwell
2336 Pasadena Ave., Unit 4

Long Beach, CA 90806

## WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MC

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

NOTICE FROM THE STATE OF CALIFORNIA: If you completed an application for government rental assistance on or before March 31, 2022, you may have protections against eviction. For information about legal resources that may be available to you, visit lawhelpca.org.

The following organizations, among others, may be contacted for legal advice:

- StayHousedLA.org                  (888) 694-0040
- Community Legal Aid SoCal          (800) 834-5001
- Shriver Self Help Center           (818) 485-0576
  (Located at Stanley Mosk Courthouse)

- Bet Tzedek Legal Services (L.A. County)          (323) 939-0506
- Legal Aid Foundation of Los Angeles             (800) 399-4529
- Neighborhood Legal Services of Los Angeles      (800) 433-6251
- Los Angeles County Bar Association-Smart Law    (213) 243-1525

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529.

 Persons with disabilities may ask for an accommodation by filling out a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's website, or they will be mailed if requested. Deliver the completed form to the clerk or ADA Coordinator at the courthouse where your case is being handled. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse. If you need an interpreter in another language for a courtroom activity, please request one before your court date through the Interpreter Request Portal found on the court's website by clicking the Self-Help Resources tab located on the home page at www.lacourt.org. The court will try very hard to find an interpreter for the date and time of your hearing, but it cannot guarantee that one will be immediately available.

Within the first 60 days after the date of filing, only the following people can look at the case file:
1) Any person or company listed on the lawsuit,
2) An attorney for one of those people or companies,
3) Any other person who can give to the clerk: (a) The name of at least one plaintiff and one defendant in the lawsuit and the address, including any applicable apartment, unit, or space number of that address, (b) The name of one of the people or companies in the lawsuit or the case number. This person will also have to prove that she or he lives at that address by showing valid identification.

People who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except with an ex parte order upon a showing of good cause.

Este documento contiene información importante. Para leerlo en español, consulte la sección División Civil (Civil Division) del sitio web de la corte superior de Los Angeles.
Văn kiện này có tin tức quan trọng. Muốn đọc bằng tiếng Việt, hãy đến phần Ban Hộ Sự (Dân Sự) (Civil Division) trên website của Tòa Thượng Thẩm Los Angeles
本文件包含重要信息。欲阅读中体中文版，请访问洛杉矶高等法院民庭网站（Civil Division）
Այս փաստաթղթը կարևոր տեղեկություններ է պարունակում։ Այն հայերեն կարդալու համար խնդրում ենք այցելել Լոս Անջելեսի Առաջին ատյանի դատարանի կայքի Քաղաքացիական բաժանմունքի (Civil Division) բաժինը։
이 문서에는 중요한 정보가 들어 있습니다. 이 문서를 한국어로 읽으시려면 로스앤젤레스 상급법원 웹사이트의 민사부(Civil Division) 섹션을 방문하십시오.

## CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Long Beach**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: **08/15/2022**

By: **N. Bullock**
Deputy Clerk

LASC CIV 002 Rev. 04/22
For Mandatory Use

## NOTICE OF UNLAWFUL DETAINER (EVICTION)

Code Civ. Proc.
§§ 1161.2, 1161.2(c)

80

Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

CASE NUMBER: **22LBUD01762**
Date Filed: **08/11/2022**

# NOTICE OF UNLAWFUL DETAINER
# (EVICTION)

**FILED**
Superior Court of California
County of Los Angeles

**08/12/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ N. Bullock _____ Deputy

LaJorne Lizana
2336 Pasadena Ave., Unit 4

Long Beach, CA  90806

## WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MC

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

NOTICE FROM THE STATE OF CALIFORNIA: If you completed an application for government rental assistance on or before March 31, 2022, you may have protections against eviction. For information about legal resources that may be available to you, visit lawhelpca.org.

The following organizations, among others, may be contacted for legal advice:

| | | | |
|---|---|---|---|
| • StayHousedLA.org | (888) 694-0040 | • Bet Tzedek Legal Services (L.A. County) | (323) 939-0506 |
| • Community Legal Aid SoCal | (800) 834-5001 | • Legal Aid Foundation of Los Angeles | (800) 399-4529 |
| • Shriver Self Help Center | (818) 485-0576 | • Neighborhood Legal Services of Los Angeles | (800) 433-6251 |
| (Located at Stanley Mosk Courthouse) | | • Los Angeles County Bar Association-Smart Law | (213) 243-1525 |

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529.


Persons with disabilities may ask for an accommodation by filling out a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council form MC-410). Forms are available in the clerk's website, or they will be mailed if requested. Deliver the completed form to the clerk or ADA Coordinator at the courthouse where your case is being handled. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org.

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse. If you need an interpreter in another language for a courtroom activity, please request one before your court date through the Interpreter Request Portal found on the court's website by clicking the Self-Help Resources tab located on the home page at www.lacourt.org. The court will try very hard to find an interpreter for the date and time of your hearing, but it cannot guarantee that one will be immediately available

Within the first 60 days after the date of filing, only the following people can look at the case file:
1) Any person or company listed on the lawsuit.
2) An attorney for one of those people or companies.
3) Any other person who can give to the clerk: (a) The name of at least one plaintiff and one defendant in the lawsuit and the address, including any applicable apartment, unit, or space number of that address. (b) The name of one of the people or companies in the lawsuit or the case number. This person will also have to prove that she or he lives at that address by showing valid identification.

People who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except with an ex parte order upon a showing of good cause.

Este documento contiene información importante. Para leerlo en español, consulte la sección División Civil (Civil Division) del sitio web de la corte superior de Los Angeles
Văn kiện này có tin tức quan trọng. Muốn đọc bằng tiếng Việt, hãy đến phần Ban Hộ Sự (Dân Sự) (Civil Division) trên website của Tòa Thượng Thẩm Los Angeles
本文件包含重要信息。欲阅读中文，请访问洛杉矶高等法院网站民事法庭 (Civil Division)
Այս փաստաթուղթը պարունակում է կարևոր տեղեկատվություն։ Այն հայերեն կարդալու համար խնդրում ենք այցելել Լոս Անջելեսի Առաջին ատյանի դատարանի կայքի Քաղաքացիական բաժանմունք (Civil Division) բաժինը
이 문서에는 중요한 정보가 들어 있습니다. 이 문서를 한국어로 읽으시려면 로스앤젤레스 상급법원 웹사이트의 민사부(Civil Division) 섹션을 방문하십시오

### CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Long Beach** . California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 08/15/2022

By: N. Bullock
Deputy Clerk

Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

CASE NUMBER: 22LBUD01762
Date Filed: 08/11/2022

## NOTICE OF UNLAWFUL DETAINER
## (EVICTION)

**FILED**
Superior Court of California
County of Los Angeles
08/12/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: N. Bullock                    Deputy

ALL OCCUPANTS
2336 Pasadena Ave., Unit 4

Long Beach, CA 90806

## WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MC

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

NOTICE FROM THE STATE OF CALIFORNIA: If you completed an application for government rental assistance on or before March 31, 2022, you may have protections against eviction. For information about legal resources that may be available to you, visit lawhelpca.org.

The following organizations, among others, may be contacted for legal advice:

- StayHousedLA.org                     (888) 694-0040   • Bet Tzedek Legal Services (L.A. County)      (323) 939-0506
- Community Legal Aid SoCal            (800) 834-5001   • Legal Aid Foundation of Los Angeles          (800) 399-4529
- Shriver Self Help Center             (818) 485-0576   • Neighborhood Legal Services of Los Angeles   (800) 433-6251
  (Located at Stanley Mosk Courthouse)                  • Los Angeles County Bar Association-Smart Law (213) 243-1525

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral  services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529.

 Persons with disabilities may ask for an accommodation by filling out a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's website, or they will be mailed if requested. Deliver the completed form to the clerk or ADA Coordinator at the courthouse where your case is being handled Form MC-410, and any  other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse.  If you need an interpreter in another language for a courtroom activity, please request one before your court date through the Interpreter Request Portal found on the court's website by clicking the Self-Help Resources tab located on the home page at www.lacourt.org.  The court will try very hard to find an interpreter for the date and time of your hearing, but it cannot guarantee   that one will be immediately available.

Within the first 60 days after the date of filing, only the following people can look at the case file:

1) Any person or company listed on the lawsuit.
2) An attorney for one of those people or companies.
3) Any other person who can give to the clerk: (a) The name of at least one plaintiff and one defendant in the lawsuit and the address, including any applicable apartment, unit, or space number of that address, (b) The name of one of the people or companies in the lawsuit or the case number. This person will also have to prove that she or he lives at that address by showing valid identification.

People who do not meet the requirements described above cannot access the court index, register of actions, or other court records until  60 days after the complaint is filed, except with an ex parte order upon a showing of good cause.

Este documento contiene información importante. Para leerlo en español, consulte la sección División Civil (Civil Division) del sitio web de la corte superior de Los Angeles.
Văn kiện này có tin tức quan trọng. Muốn đọc bằng tiếng Việt, hãy đến phần Ban Hộ Sự (Dân Sự) (Civil Division) trên website của Tòa Thượng Thẩm Los Angeles
本文件包含重要信息。欲阅读简体中文版，请访问洛杉矶高等法院民商板块 (Civil Division)

[Armenian text]

[Korean text]

## CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Long Beach**          . California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 08/15/2022

By: N. Bullock
Deputy Clerk

LASC CIV 002 Rev. 04/22
For Mandatory Use

## NOTICE OF UNLAWFUL DETAINER (EVICTION)

Code Civ. Proc.
§§ 1161.2, 1161.2(c)

82

Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

CASE NUMBER: 22LBUD01762
Date Filed: 08/11/2022

# NOTICE OF UNLAWFUL DETAINER
## (EVICTION)

**FILED**
Superior Court of California
County of Los Angeles

**08/12/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By _____ N. Bullock _____ Deputy

Miricle Island
2336 Pasadena Ave., Unit 4

Long Beach, CA 90806

WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF MC

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

NOTICE FROM THE STATE OF CALIFORNIA: If you completed an application for government rental assistance on or before March 31, 2022, you may have protections against eviction. For information about legal resources that may be available to you, visit lawhelpca.org.

The following organizations, among others, may be contacted for legal advice:

- StayHousedLA.org                    (888) 694-0040
- Community Legal Aid SoCal           (800) 834-5001
- Shriver Self Help Center            (818) 485-0576
  (Located at Stanley Mosk Courthouse)

- Bet Tzedek Legal Services (L.A. County)        (323) 939-0506
- Legal Aid Foundation of Los Angeles            (800) 399-4529
- Neighborhood Legal Services of Los Angeles     (800) 433-6251
- Los Angeles County Bar Association-Smart Law   (213) 243-1525

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov, or call 1-866-442-2529.



Persons with disabilities may ask for an accommodation by filling out a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's website, or they will be mailed if requested. Deliver the completed form to the clerk or ADA Coordinator at the courthouse where your case is being handled. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse. If you need an interpreter in another language for a courtroom activity, please request one before your court date through the Interpreter Request Portal found on the court's website by clicking the Self-Help Resources tab located on the home page at www.lacourt.org. The court will try very hard to find an interpreter for the date and time of your hearing, but it cannot guarantee that one will be immediately available.

Within the first 60 days after the date of filing, only the following people can look at the case file:

1) Any person or company listed on the lawsuit.
2) An attorney for one of those people or companies.
3) Any other person who can give to the clerk: (a) The name of at least one plaintiff and one defendant in the lawsuit and the address, including any applicable apartment, unit, or space number of that address. (b) The name of one of the people or companies in the lawsuit or the case number. This person will also have to prove that she or he lives at that address by showing valid identification.

People who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except with an ex parte order upon a showing of good cause.

Este documento contiene información importante. Para leerlo en español, consulte la sección División Civil (Civil Division) del sitio web de la corte superior de Los Angeles.
Văn kiện này có tin tức quan trọng. Muốn đọc bằng tiếng Việt, hãy đến phần Ban Hộ Sự (Dân Sự) (Civil Division) trên website của Tòa Thượng Thẩm Los Angeles.
本文件包含重要信息。欲阅读简体中文版，请访问高等法院民事部门 (Civil Division).
Ujn փաստաթուղթը կարեւոր տեղեկատվություն է պարունակում։ Այն հայերեն կարդալու համար խնդրում ենք այցելել Los Անջելեսի Ատյան առաւել դատարանի կայքի Քաղաքացիական բաժանմունք (Civil Division) բաժին։
이 문서에는 중요한 정보가 들어 있습니다. 이 문서를 한글로 읽으시려면 로스앤젤레스 상급 법원 웹사이트의 민사부(Civil Division) 섹션을 참조하십시오.

## CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Long Beach** California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Date: __08/15/2022__

**Sherri R. Carter, Executive Officer / Clerk of Court**

By: **N. Bullock**
Deputy Clerk

83

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michelle Blackwell<br>2336 Pasadena Ave.<br>Long Beach, CA 90806<br><br>TELEPHONE NO.:          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 0 2 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Anita Pergler, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS: 111 N. Hill Street      FEB 0 2 2016

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012      Default Section

BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: MICHELLE BLACKWELL

DEFENDANT/RESPONDENT: MORGAN STANLEY ABS CAPITAL 1

| **REQUEST FOR** (Application) | [✓] Entry of Default     [ ] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER:<br>BC501357 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 3-24-15
   b. by *(name):* MICHELLE BLACKWELL
   c. [✓] Enter default of defendant *(names):* MORGAN STANLEY ABS CAPITAL 1

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(name*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
           [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ | $ | $ |
| b. Statement of damages * | | | |
|   (1) Special | $ | $ | $ |
|   (2) General | $ | $ | $ |
| c. Interest | $ | $ | $ |
| d. Costs *(see reverse)* | $ 600 | $ | $ 600 |
| e. Attorney fees | $ | $ | $ |
| f. **TOTALS** | $ 600 | $ | $ 600 |

   g. Daily damages were demanded in complaint at the rate of: $ _____ per day beginning *(date):*
   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: 2-1-16

Michelle Blackwell
*(TYPE OR PRINT NAME)*            *(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)*

| FOR COURT USE ONLY | (1) [✓] Default entered as requested on *(date):* FEB 0 2 2016<br>(2) [ ] Default NOT entered as requested *(state reason):* | SHERRI R. CARTER<br><br>A. PERGLER     , Deputy |
|---|---|---|
| | Clerk, by _____ | |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

84

R

Superior Court of California

County of Los Angeles

Department 61

**FILED**
Superior Court of California
County of Los Angeles

JUN 10 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Latrina Woods

MICHELLE BLACKWELL,

Plaintiff(s),

v.

WMC MORTGAGE CORP., et al.,

Defendant(s).

Case No.: BC501357

**JUDGMENT**

Default having been entered against defendant Morgan Stanley ABS Capital 1 on February 2, 2016, the court held a default judgment hearing on May 3, 2016.  The court finds in favor of plaintiff as to defendant Morgan Stanley ABS Capital 1 only.  Judgment is so entered.

Dated:  6/10/16

Hon. Gregory Keosian
Judge of the Superior Court

–1–

85

EXHIBIT "E"

This page is part of your document - DO NOT DISCARD



# 20160698613



**Pages:**
**0007**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/16/16 AT 03:50PM**

| | | |
|---|---|---:|
| FEES: | | 37.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 37.00 |



LEADSHEET



201606163330067

00012233003



007618351

SEQ:
01

DAR - Counter (Upfront Scan)

THIS FORM IS NOT TO BE DUPLICATED

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

NAME Miracle Island

MAILING 2336 PASADENA N

CITY, STATE, ZIP CODE
    LONG Beach, CA 90806

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE

WARRANTY DEED

RECORDING REQUESTED BY
WHEN RECORDED MAIL TAX STATEMENTS TO:
MIRICLE ISLAND
C/O L. Queen
2336 PASADENA AVENUE
LONG BEACH, CA 90806

## WARRANTY DEED

Property address: 2336 – 2338 Pasadena Avenue, Long Beach, California 90806

On this the 5th day of May, 2016, MICHELLE BLACKWELL, whose mailing address is,
2336 Pasadena Avenue, Long Beach, California 90806 did execute this deed,
conveying, delivering, granting and transferring all the legal right title, and equitable
interest, without division or reservation, to Miricle Island, a business entity of the state of
California, with mailing address of: 2005 PALO VERDE AVE, # 152 LONG BEACH, CA
90815 described land, situated, lying, and being located in Los Angeles County,
California to wit:

**LOT 8 OF TRACT NO 3463, IN THE CITY OF LONG BEACH, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 38 PAGE 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY. APN # 7208 017 009**

Grantor fully guarantees, promises, and warrants to the grantee that there are no
undisclosed claims, deeds, liens, encumbrances, or other liabilities associated with,
relating, or attaching to, or affecting the property, subject of this transaction in any way.
All claims or encumbrances, including all those which might be disputed or contingent,
have been enumerated, itemized, and fully disclosed to the grantee after the grantor's
diligent search of all relevant and accessible public and private records, stipulation to
the conduct of which diligent
search is hereby made.

TO HAVE AND TO HOLD, the same in fee simple forever.

Signed and executed in Los Angeles County, California on this the 5th day of May,
2016 for ten dollars in hand and other valuable consideration.

In witness whereof, Grantor has hereunto set Grantor's hand and seal on this 5th
day of May, 2016. Signed, sealed, and delivered in our presence:

DOCUMENTARY TRANSFER TAX $ -0-
COMPUTED ON FULL VALUE OF PROPERTY CONVEYED
OR COMPUTED OF FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE
SIGNATURE OF DECLARANT OR AGENT DETERMINING TAX FIRM NAME

*Conveyance Grantor NO Value
This is a bonafide gift and the
grantor recieved nothing in return.*

88

WITNESS Grantor(s) hand(s) this the __5__ day of __May__ 20 __16__

_____
Grantor

_Michelle Blackwell_
Type or Print Name

_____
Grantor

_____
Type or Print Name

## QUITCLAIM

The undersigned Grantor(s) declares that the documentary Transfer Tax is $__None__  City Tax is $__None__
and is:

X computed on full value less the value of liens and encumbrances remaining thereon at time of sale. The land

is located at 2336 – 2338 Pasadena Avenue, Long Beach, California 90806
and is

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, do (does) hereby remise,

release and forever quitclaim to __MIRICLE ISLAND_____the following above described real

property in the County of Los Angeles, State of California:

Date May 5, 2016

State of California
County of __Los Angeles__

On __May 5, 2016_____ before me, __Yesenia Jimenez, Notary Public__
(here insert name and title of the officer), personally appeared __Michelle Blackwell__

_____

_____. who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument  I certify under
PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct

WITNESS my hand and official seal

Signature _____

```
YESENIA JIMENEZ
Commission # 2048218
Notary Public - California
Los Angeles County
My Comm. Expires Nov 5, 2017
```
(Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE: IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE.

| Miricle Island | 2336 Pasadena Avenue | Long Beach | California |
|---|---|---|---|
| Name | Street Address | City | State |

### ASSIGNMENT & ASSOCIATED RIGHTS

On this the 5th day of May, 2016, Michelle Blackwell, grantor, whose address is: 2336 – 2338 Pasadena Avenue, Long Beach, California 90806, executed this Assignment of Rights to grantee Miricle Island, for the purpose of executing this warranty deed.

Wherefore, by all to whom this document may come, let it be known that said grantors, assignors, transferors, Michelle Blackwell ---for and in consideration of the sum of $25.00 *(twenty-five* and no/100 dollars) and other good and valuable considerations from said assignee and transferee Miricle Island, the receipt and sufficiency of which is hereby acknowledged---have granted (and did on May 5, 2016, actually deed, grant, sell, and transfer) unto Miricle Island, and do hereby now confirm the sale and transfer of all of their contractual rights, equitable interests, and statutory claims to Lincoln as Grantee. Grantors *have* also specifically assigned and transferred all other legal claims of *whatever* origin or description, arising from, concerning, or touching upon those certain lots or parcels situated in the City of Long Beach, County of Los Angeles, California more commonly known as 2336 – 2338 Pasadena Avenue, Long Beach, California 90806, but formally and fully described as Lot 8 and as set forth in bold print below.

Furthermore, without any express or implied limitation whatsoever, grantor Michelle Blackwell *have* specifically assigned, granted, and transferred all of their statutory, legal, equitable, and contractual interests in the notes, claims *conveying,* delivering, granting, and transferring all their legal rights, title, and equitable interests in the herein-described land or real estate, situated, lying and being located in The City of Long Beach, County of Los Angeles, California as well as the obligations to which they granted or contractually agreed to undertake with any party arising from and associated with the following described land or real estate (being two lots), situated in Los Angeles county, California:

> **LOT 8 OF TRACT NO 3463, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 38 PAGE 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN# 7208 017 009**

### WARRANTY DEED CONFIRMED

And said grantors, assignors, transferors Michelle Blackwell, do hereby confirm and reaffirm that they, by separate document, have fully and irrevocably deeded, granted, transferred, and warranted unto Miricle Island, all of their legal and equitable rights, title, and interest in the land and real estate (being lot 8 more commonly known as 2338 Pasadena Avenue in the City of Long Beach as described in the bold print paragraphs

*90*

above), as well as their claims to and arising from any and all notes, contracts, and obligations which he and she, together, granted or contractually agreed to with respect to any party to Miricle Island to have and to hold, from this day forward, without limitation or qualification whatsoever.

In witness whereof, grantor, assignor and transferor have set unto the grantor's hand and seal the day of the above-and-foregoing quit claim deed, to wit 5th day of May 2016.

Signed, sealed and delivered in our presence:

_____

GRANTOR,

*Michelle Blackwell*

MICHELLE BLACKWELL
2336 – 2338 Pasadena Avenue
Long Beach, California 90806

**WITNESSES & NOTARY**

_____

Witness Signature

_____

Witness Name

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____California_____ )

On ___May 5, 2016___ before me, ___Yesenia Jimenez, Notary Public___
        Date                              Here Insert Name and Title of the Officer
personally appeared ___Michelle Blackwell___
                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

YESENIA JIMENEZ
Commission # 2048216
Notary Public - California
Los Angeles County
My Comm. Expires Nov 5, 2017

Signature _____
                Signature of Notary Public

Place Notary Seal Above

------------- OPTIONAL -------------
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

Description of Attached Document
Title or Type of Document: ___Warranty Deed___
Document Date: ___05/05/2016___           Number of Pages: ___4___
Signer(s) Other Than Named Above: ___No other signers___

Capacity(ies) Claimed by Signer(s)
Signer's Name: ___Michelle Blackwell___          Signer's Name: _____
□ Corporate Officer — Title(s): _____          □ Corporate Officer — Title(s): _____
□ Partner — □ Limited □ General                  □ Partner — □ Limited □ General
☑ Individual   □ Attorney in Fact                □ Individual   □ Attorney in Fact
□ Trustee   □ Guardian or Conservator            □ Trustee   □ Guardian or Conservator
□ Other: _____                         □ Other: _____
Signer Is Representing: ___Self___               Signer Is Representing: _____

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907