JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS COPELAND et al., | ) No. CV 23-3536-AB (JPR) |
| Plaintiffs, | ) **ORDER REMANDING STATE-COURT** |
| v. | ) **ACTIONS TO STATE COURT** |
| MORGAN STANLEY CAPITAL TRUST et al., | ) |
| Defendants. | ) |

On June 15, 2023, Plaintiffs in this civil-rights action filed a Notice of Removal, their second such attempt, purporting to remove Los Angeles County Superior Court case numbers 22lbud01600, 22lbud01762, 22lbud01781, and 22lbud01792 to this Court and asking that they be consolidated with this case. To the extent they have successfully removed those cases here, the Court sua sponte **REMANDS** them to the superior court for lack of subject-matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. Ry. v. Alexander, 246 U.S. 276, 280 (1918)). Generally, where

Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006) (per curiam); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal, it is evident that the Court lacks subject-matter jurisdiction over the state-court cases, for the following reasons.

No basis for federal-question jurisdiction has been identified. The complaints apparently do not include any claim "arising under the Constitution, laws, or treaties of the United States," § 1331, as they are unlawful-detainer actions (see Notice of Removal, ECF No. 17 at 7-11, 14-15). Removing defendants assert that the affirmative defenses at issue give rise to federal-question jurisdiction (see, e.g., id. at 6-7), but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Env't Remediation, L.L.C. v. Dep't of Health and Env't Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) (as amended). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 14 (1983).

Nor have removing defendants alleged facts sufficient to show that the requirements for removal under § 1443 are satisfied. Section 1443(1) provides for the removal of a civil action filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United

3

1 | States."  Even assuming that the removing defendants have
2 | asserted rights provided "by explicit statutory enactment
3 | protecting equal racial civil rights," Patel v. Del Taco, Inc.,
4 | 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted), abrogated
5 | on other grounds by BP P.L.C. v. Mayor of Baltimore, 141 S. Ct.
6 | 1532 (2021), they have not sufficiently identified any "state
7 | statute or a constitutional provision that purports to command
8 | the state courts to ignore the federal rights" or pointed "to
9 | anything that suggests that the state court would not enforce
10 | [defendant's] civil rights in the state court proceedings." Id.
11 | (citation omitted); see also Bogart v. California, 355 F.2d 377,
12 | 381-82 (9th Cir. 1966) (holding that conclusory statements
13 | lacking any factual basis cannot support removal under §
14 | 1443(1)).  For example, removing defendants cite California Civil
15 | Code § 2924 as infringing on their rights (see Notice of Removal,
16 | ECF No. 16 at 8), but "§ 2924 . . . cannot be read to require
17 | California state courts to disregard federal civil rights." See
18 | HSBC Bank USA v. Coria, No. 2:22-cv-01003-DMG (AFMx), 2022 WL
19 | 504563, at *1 (C.D. Cal. Feb. 18, 2022) (citation omitted); see
20 | also JP Morgan Chase Bank, NA v. Reznik, NO. CV 15-06590 RGK
21 | (AJWx), 2015 WL 5156442, at *2 (C.D. Cal. Sept. 1, 2015) (holding
22 | that "conclusory" allegations that "California's non-judicial
23 | foreclosure and unlawful detainer statutes violate[d]"
24 | defendant's rights did not satisfy removal requirements in §
25 | 1443).  Indeed, "[a]ttempts to use section 1443(1) as a basis for
26 | removal of unlawful detainer actions have been repeatedly
27 | rejected by the district courts in California." HSBC, 2022 WL
28 | 504563, at *1.

Nor does § 1443(2) provide any basis for removal, as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights" and on state officers who refuse to enforce discriminatory state laws. <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 824 & n.22 (1966).

Further, the underlying actions are unlawful-detainer proceedings, arising under and governed by the laws of the State of California. And diversity jurisdiction is lacking. Every defendant is not alleged to be diverse from every plaintiff. <u>See</u> § 1332(a). The complaints apparently do not allege damages in excess of $75,000, and removing defendants have not plausibly alleged that the amount in controversy requirement has been met. <u>Id.</u>; <u>see</u> <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81, 89 (2014). The underlying unlawful-detainer actions appear to be limited civil actions that do not exceed $25,000. And removing defendants are citizens of California. <u>See</u> § 1441(b)(2).

Finally, removing defendants have not complied with § 1446(a) (requiring removing party to attach to notice of removal "a copy of all process, pleadings, and orders served upon such defendant"). The removal also appears to be untimely under § 1446(b)(1), as the cases they seek to remove were filed in 2022. (<u>See</u> Notice of Removal, ECF No. 16 at 15.) Thus, the Notice of Removal is procedurally deficient as well.

IT IS THEREFORE ORDERED that to the extent Plaintiffs' Notice of Removal succeeded in removing Los Angeles County Superior Court case numbers 22lbud01600, 22lbud01762,

22lbud01781, and 22lbud01792 to this Court, the state-court matters are REMANDED to the superior court for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

DATED: July 3, 2023

ANDRÉ BIROTTE JR.
U.S. DISTRICT JUDGE

Cc: Los Angeles County Superior Court

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

6