GREENBERG TAURIG, LLP
JORDAN D. GROTZINGER (SBN 190166)
GrotzingerJ@GTLAW.com
1840 Century Park East, Suite 1900
Los Angeles, CA  90067
Telephone:  310-586-7700
Facsimile:  310-586-7800

Attorney for DEFENDANT
MORGAN STANLEY CAPITAL TRUST

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LIZANA and GLADYS COPELAND,<br><br>Plaintiffs,<br><br>vs.<br><br>MORGAN STANLEY CAPITAL TRUST; WELLS FARGO BANK, NA, AS TRUSTEE ON BEHALF OF THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL INC., TRUST 2005-WMC6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-WMC6; JOHN DOE; JANE DOE; and DOES 1-10, inclusively,<br><br>Defendants. | CASE NO.:  2:23-cv-03536-AB-JPR<br><br>Judge:         Hon. Andre Briotte Jr.<br>Magistrate:  Hon. Jean P. Rosenbluth<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; (PROPOSED) ORDER**<br><br>[FRCP 12(b)(1), (6)]<br><br>Filed and served concurrently<br><br>Hearing:   October 6, 2023<br>                 Courtroom 7B<br>Complaint Filed:    May 9, 2023 |

**TO ALL PARTIES AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2023, or as soon thereafter as the matter may be heard in Courtroom 7B, of the above-entitled court, located at 350 West First Street, Los Angeles, California, Morgan Stanley Capital Trust ("MSCT") will and hereby does move this Court to dismiss the Civil Rights Complaint Amended ("Complaint") filed by Plaintiffs Gladys Copeland and Ann Lizana (collectively, "Plaintiffs") against it.

MSCT files this Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on the following grounds:

A. Insufficient service of process;

B. Lacks of personal jurisdiction over MSCT; and

C. MSCT is not a proper party to this lawsuit.

MSCT's Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 19, 21, 22 and 24, 2023.

DATED: September 1, 2023          GREENBERG TRAURIG, LLP

                                               By: /s/ *Jordan D. Grotzinger*
                                                   Jordan D. Grotzinger
                                                   Attorney for DEFENDANT
                                                 MORGAN STANLEY CAPITAL TRUST

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

On June 3, 2023, Plaintiffs Gladys Copeland and Ann Lizana filed their Complaint against MSCT, Wells Fargo Bank, NA, as Trustee on behalf of the registered holders of Morgan Stanley ABS Capital Inc., Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6, and various other unidentified parties. Plaintiffs assert causes of action for violations of federal statutory and Constitutional law, fraudulent conversion, declaratory relief, injunctive relief, malicious prosecution, wrongful eviction, and other purported claims. Notably, the Complaint contains *no* allegations with respect to MSCT. The Complaint names MSCT as a Defendant but otherwise does not even mention MSCT beyond twice defining the term "Morgan Stanley Capital Trust" as "MSCT."

### II. ARGUMENT

#### A. Service of Process Was Insufficient.

"When a court determines that service of process is insufficient, it has broad discretion to . . . dismiss the action. . . ." *McKinney v. Apollo Grp. Inc.*, No. 07cv2373 WQH (CAB), 2008 WL 11318288, at *8 (S.D. Cal. July 23, 2008) (citing *Oyama v. Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)); s*ee also* FED. R. CIV. P. 12(b)(4)-(5). "A motion to dismiss for insufficient service of process is a jurisdictional challenge because a court lacks jurisdiction if there has been insufficient service of process." *Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-CV-02520-LHK, 2019 WL 6735604, at *7 (N.D. Cal. Dec. 11, 2019) (citing *United States v. 4268 Los Angeles Ave. Simi Valley California 93063*, 672 F. App'x 770, 770 (9th Cir. 2017)).

On June 16, 2023, Plaintiffs served Morgan Stanley Capital Group, Inc.'s registered agent in California, CT Corporation System ("CT"), with the Complaint. As reflected in the proof of service filed with the Court, the process server purports to have served MSCT by serving CT. *See* ECF No. 18. The proof of service wrongly asserts that CT is "designated by law to accept service of process on behalf of [MSCT]." *Id.* MSCT does not and by its nature cannot have an agent for service of process because MSCT is a

trust, not a legal entity. *See Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 485 (N.D. Cal. 2004) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1150 (9th Cir. 1998)) ("[D]efendants properly object to the addition of the [] Trust as a defendant because a trust is not a legal entity capable of being sued. Any litigation must be maintained against the []trustees.").

This Court should dismiss the Complaint because CT was not authorized to accept service on behalf of MSCT, MSCT was therefore not properly served, and this deficiency cannot be cured given MSCT is not a legal entity. *See Jackson v. CA Rags II, Inc.*, Case No. 20cv1628-LAB (MSB), 2021 WL 5547593, at *3-4 (S.D. Cal. Jan. 25, 2021) ("Because the summons and complaint were directed to the trust rather than a trustee, [it] has not been properly served."); *McGuire v. Frye*, No. C 15-05224 WHA, 2016 WL 4474506, at *3 (N.D. Cal. Aug. 25, 2016) (granting "request to quash service of the summons and complaint" because a "trust (as opposed to a trustee) has no capacity to sue or be sued, or to defend an action").

### B.     This Court Lacks Personal Jurisdiction over MSCT.

A claim is properly dismissed where a court lacks personal jurisdiction over the defendant. *See* FED. R. CIV. P. 12(b)(2). "If a plaintiff files suit against an entity that is not capable of being sued, then the case is properly dismissed [] for lack of personal jurisdiction." *Wade v. Alamance Cnty. Dep't of Soc. Servs.*, 1:19CV619, 2020 WL 3846336, at *11 (M.D.N.C. July 8, 2020) (dismissing pro se complaint that sued an entity not capable of being sued); *see also Fox Hollow of Turlock Owner's Ass'n v. Sinclair*, No. 1:03-CV-5439 AWI SAB, 2013 WL 1628260, at *6 (E.D. Cal. Apr. 12, 2013) ("[W]hen an entity lacks the capacity to be sued, all claims against that entity should be dismissed."). Because a trust is not a legal entity capable of being sued, this Court should dismiss Plaintiffs' claims against MSCT for lack of personal jurisdiction. *Id.*; *Bracken*, 219 F.R.D. at 485.

Additionally, federal courts "cannot exercise personal jurisdiction over a defendant without proper service of process." *Chapman v. U.S. Equal Employment Opportunity Comm.*, No. C07-1527 SBA, 2008 WL 782599, at *2-3 (N.D. Cal. Mar. 24 2008) (citing

*Omni Capital Int'l, Ltd. v. Rudolf Wolff Co.*, 484 U.S. 97, 104 (1987)). Because Plaintiffs did not properly serve MSCT, this Court lacks personal jurisdiction over MSCT. *See id.*; Section A, *infra*.

### C.  MSCT Is Not a Proper Party to this Lawsuit.

"In California, the trustee is the proper party to a suit, not the trust, because the trustee has legal title to the cause*." Calstar Llc. v. First Union Nat'l Bank*, 35 F. App'x 602, 604 (9th Cir. 2002). "Any action by or against the trust must proceed through the trustees in their representative capacity." *Mehl v. Wells Fargo Home Mortg. LLC*, 2019 U.S. Dist. LEXIS 22888, at *13 (E.D. Cal. Feb. 11, 2019) (cleaned up). MSCT, as a trust, is not a proper party to this lawsuit and accordingly should be dismissed as a Defendant. *See Dixon v. NPG Music Publ'g, LLC*, No. 5:17-cv-00363-ODW (DTB), at *1 (C.D. Cal. Apr. 4, 2017) (dismissing the trust as a defendant sua sponte because a trust "has no capacity to sue or be sued"); *Calstar*, 35 F. App'x at 604 (dismissing claims against trust with prejudice because "as a matter of law, [the trust] cannot be the named defendant").

## II. CONCLUSION

WHEREFORE, MSCT respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Civil Rights Complaint Amended without providing Plaintiffs leave to amend.

DATED:  September 1, 2023          GREENBERG TRAURIG, LLP

By: /s/ *Jordan D. Grotzinger*
Jordan D. Grotzinger
Attorney for DEFENDANT
MORGAN STANLEY CAPITAL TRUST

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Morgan Stanley Capital Trust, certifies that this brief contains 1,004 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 1, 2023

GREENBERG TRAURIG, LLP

By: /s/ *Jordan D. Grotzinger*
Jordan D. Grotzinger
Attorney for DEFENDANT
MORGAN STANLEY CAPITAL TRUST