GREENBERG TRAURIG, LLP
JORDAN D. GROTZINGER (SBN 190166)
GrotzingerJ@GTLAW.com
1840 Century Park East, Suite 1900
Los Angeles, CA  90067
Telephone:  310-586-7700
Facsimile:  310-586-7800

Attorney for DEFENDANT
MORGAN STANLEY CAPITAL TRUST

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN LIZANA and GLADYS COPELAND, <br><br> Plaintiffs, <br><br> vs. <br><br> MORGAN STANLEY CAPITAL TRUST, *et al*, <br><br> Defendants. | CASE NO.:  2:23-cv-03536-AB-JPR <br><br> Judge:        Hon. Andre Briotte Jr. <br> Magistrate:   Hon. Jean P. Rosenbluth <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** <br><br> [FRCP 12(b)(1), (6)] <br><br> Complaint Filed:    May 9, 2023 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On June 3, 2023, Plaintiffs Gladys Copeland and Ann Lizana filed their Civil Rights Complaint Amended ("Complaint") against Morgan Stanley Capital Trust ("MSCT"), Wells Fargo Bank, NA, as Trustee on behalf of the registered holders of Morgan Stanley ABS Capital Inc., Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6 ("Wells Fargo"), and various other unidentified parties. On September 1, 2023, MSCT filed its Motion to Dismiss, moving to dismiss Plaintiffs' Complaint on the grounds that service of process was insufficient, the Court lacks personal jurisdiction over MSCT, and MSCT is not a proper party to this lawsuit. On September 22, 2023, Plaintiffs filed their Voluntary Dismissal Without Prejudice, dismissing Wells Fargo as a defendant. On September 26, 2023, Plaintiffs filed their Opposition to MSCT's Motion to Dismiss ("Opposition" or "Opp."). In support of its Motion to Dismiss, MSCT respectfully states as follows:

### II.   ARGUMENT

#### A.   MSCT was not properly served with process.

In their Opposition, Plaintiffs concede that "MSCT, as a trust, is not a legal entity capable of being served directly" but claim that "MSCT has designated [CT Corporation System ("CT")] as its registered agent for service of process." Opp., p. 7. However, CT is the registered agent for service of process for Morgan Stanley Capital Group, Inc., not MSCT. The fact that Plaintiffs filed a return of service purporting to have served MSCT by serving CT does not change this fact. *See Rodriguez v. County of Santa Cruz,* No. 22-cv-07836-JST, 2023 WL 4687197, at *4 (N.D. Cal. July 20, 2023) (A "proof of service does not establish that service was valid under Rule 4."); *United States v. Chea*, No. 2:18-cr-00123-KJM-1, 2019 WL 2465492, at *4 (E.D. Cal. June 12, 2019) (explaining that filing a "proof of service does not establish proof of valid service"); *Dalessandro v. Mitchell*, 43 Cal. App. 5th 1088, 1092 n.4 (Cal. Ct. App. 2019) ("Indeed, a proof of service only creates a rebuttable presumption that the service was proper.").

2

Additionally, Plaintiffs assert in their Opposition that "even if there were any deficiencies in service, they can be cured by ensuring that MSCT, as the trust's representative, receives notice of this lawsuit." Opp., p. 8. Plaintiffs then characterize their failure to properly serve MSCT as a "minor technical issue[]." *Id.* However, Plaintiffs' representations are inconsistent with California law. "Whether a defendant had notice of the legal action, despite lack of personal service, is immaterial. . . [T]he requirement of proper service of process 'is not some mindless technicality.'" *Reeder v. Knapik,* No. 07-CV-362-L(LSP), 2007 WL 1851642, at *5 (S.D. Cal. June 26, 2007); *see also Braugh v. Dow*, 93 Cal. App. 5th 76, 88 (Cal. Ct. App. July 3, 2023) (holding service "is not a 'mere technicality'" but rather "is an issue of fundamental jurisdiction"); *Schmalle v. Prudhomme*, No.: 18-cv-02469 W (MDD), 2019 WL 3997333, at *4 (S.D. Cal. Aug. 23, 2019) ("[A] defendant's actual notice of the summons and complaint does not cure defective service."); *United States v. Barajas*, No. 22-cv-00418-JSC, 2022 WL 6251017, at *3 (N.D. Cal. Sept. 21, 2022) ("[A]ctual notice does not defeat the need for proper service of process.").

This Court should dismiss the Complaint because CT was not authorized to accept service on behalf of MSCT, and MSCT was therefore not properly served. *See Minghella v. Anchor Bay Entm't, LLC*, No. B263618, 2016 WL 3570368, at *2 (Cal. Ct. App. June 23, 2016) (describing service on a trust as "a legal impossibility" and noting that the "Trust was later dismissed as a defendant in the underlying action"); *Jackson v. CA Rags II, Inc.*, Case No. 20cv1628-LAB (MSB), 2021 WL 5547593, at *3-4 (S.D. Cal. Jan. 25, 2021) ("Because the summons and complaint were directed to the trust rather than a trustee, [it] has not been properly served."); *McGuire v. Frye*, No. C 15-05224 WHA, 2016 WL 4474506, at *3 (N.D. Cal. Aug. 25, 2016) (granting "request to quash service of the summons and complaint" because a "trust (as opposed to a trustee) has no capacity to sue or be sued, or to defend an action").

//

//

**B.    The Court lacks personal jurisdiction over MSCT.**

In their Opposition, Plaintiffs claim that the Court has personal jurisdiction over MSCT because "MSCT, as a trustee, holds legal title to the property in question," citing to the Los Angeles County records as support. Opp., p. 3. However, the records cited by Plaintiffs clearly state that the owner of the property is "Wells Fargo Bank [as trustee of] Morgan Stanley Capital Trust." *See* Opposition, Ex. 1. Regardless, "[a]s a matter of law, only trustees—not trusts—can hold legal title to property[,]" so Plaintiff's allegation necessarily fails. *Boshernitsan v. Bach*, 61 Cal. App. 5th 883, 888 (Cal. Ct. App. 2021); *see also Flaherty v. JPMorgan Chase Bank*, No. B282415, 2019 WL 3408916, at *4 (Cal. Ct. App. July 29, 2019) ("The trustee of a trust, not the trust itself, owns legal title to trust property."). Because a trust is not a legal entity capable of being sued, this Court should dismiss Plaintiffs' claims against MSCT for lack of personal jurisdiction. *Portico Mgmt. Grp., LLC v. Harrison*, 202 Cal. App. 4th 464, 473-74 (Cal. Ct. App. 2011) ("[A] judgment against a trust is unenforceable because a trust is not an entity; it cannot sue or be sued, or hold title to property."). Additionally, because Plaintiffs did not properly serve MSCT, this Court lacks personal jurisdiction over MSCT. *See Chapman v. EEOC*, No. C07-1527 SBA, 2008 WL 782599, at *2-3 (N.D. Cal. Mar. 24 2008); Section A, *infra*.

**C.    MSCT is not a proper party to this lawsuit.**

In their Complaint, Plaintiffs initially filed suit against MSCT, "Wells Fargo Bank, N.A., *as Trustee* on behalf of the Registered Holders of Morgan Stanley abs Capital 1, Inc.," and other parties. *See* Compl., ¶ 18 (emphasis added). Plaintiffs dismissed Wells Fargo as a defendant on September 22, 2023, and now appear to claim in their Opposition that MSCT is both the trust *and* the trustee. *Compare* Opp. p. 3 ("MSCT is listed as a defendant [] in its capacity as the trustee of the relevant trust."), p. 8 ("MSCT, as the trust's representative…"), p. 8 ("MSCT is the trustee of the relevant trust[.]"), p. 9 ("The trustee of a trust, like MSCT…"), *with* Opp. p. 7 ("MSCT, as a trust, is not a legal entity capable of being served directly."), p. 8–9 ("MSCT, acting in its capacity as the

trust and a property owner…"), p. 9 ("MSCT, as the trust…"). To be clear, MSCT is a trust, not a trustee. Plaintiffs dismissed the trustee of MSCT, Wells Fargo, as a defendant on September 22, 2023. MSCT, as a trust, is not a proper party to this lawsuit and accordingly should be dismissed as a Defendant.

## **CONCLUSION**

WHEREFORE, MSCT respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Civil Rights Complaint Amended without providing Plaintiffs leave to amend.


DATED:  October 10, 2023                    GREENBERG TRAURIG, LLP

                                        By: /s/ *Jordan D. Grotzinger*
                                            Jordan D. Grotzinger
                                            Attorney for DEFENDANT
                                            MORGAN STANLEY CAPITAL TRUST

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Morgan Stanley Capital Trust, certifies that this brief contains 1,159 words, which complies with the word limit of L.R. 11-6.1.

DATED:  October 10, 2023                    GREENBERG TRAURIG, LLP


                                                 By:/s/ *Jordan D. Grotzinger*
                                                     Jordan D. Grotzinger
                                                     Attorney for DEFENDANT
                                                     MORGAN STANLEY CAPITAL TRUST

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT